2018 PA Super 342

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :   PENNSYLVANIA
    :
v.     :
    :
    :
CHRISTOPHER ROBERT WEIR   :
    :
Appellant     :   No. 1799 WDA 2016

Appeal from the Judgment of Sentence October 17, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005483-2016

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

OPINION BY BOWES, J.:              FILED DECEMBER 17, 2018

Christopher Robert Weir appeals from the judgment of sentence imposed following his convictions of criminal mischief and harassment. We affirm.

The trial court summarized the relevant facts as follows:

On April 13, 2016, Jacob Korimko was working as a mechanic at a garage he operated. While he was working on a vehicle, [Appellant] entered the garage and began shouting at Mr. Korimko, claiming that Mr. Korimko owed him money. Mr. Korimko vehemently denied that he owed [Appellant] any money. [Appellant] became agitated and took a very aggressive stance toward Mr. Korimko. [Appellant] continued shouting at Mr. Korimko in a threatening manner and Mr. Korimko feared that [Appellant] was about to physically assault him. Mr. Korimko stepped back away from [Appellant] and [Appellant] then swung his fist and contacted the front headlight/cowl area of Mr. Korimko's 2012 Kawasaki 600 motorcycle. As a result, the entire headlight assembly was damaged. The cowl was caved in. The headlight was broken and the two side frames

were destroyed. The main support for the headlight was also broken along with the entire gauge cluster. Mr. Korimko paid $1,4[92][1] to have the parts replaced. He testified that he had received an additional estimate of $1,000 to have the parts painted to match the motorcycle's color. However, he could not afford to pay the additional $1,000 so he did not have the work done prior to the trial.

Trial Court Opinion, 6/22/17, at 2.[2]

After a non-jury trial, Appellant was found guilty of criminal mischief and the summary offense of harassment. The court sentenced him to serve one to two years probation for criminal mischief, and a consecutive ninety-day term of probation for harassment. The sentencing court also ordered Appellant to pay Mr. Korimko $2,000 in restitution.[3] Appellant filed a timely post-sentence motion claiming, inter alia, that (1) the verdict of criminal mischief was against the weight of the evidence because Appellant testified that he did not touch the motorcycle; and (2) the $2,000 award of restitution exceeded the $1,492 amount of loss paid by Mr. Korimko as of

_____

[1] At trial, Mr. Korimko initially testified that the cost to repair his motorcycle was $1,400. See N.T., 10/17/16, at 17. He thereafter clarified to the trial court that the repair amount was $1,492. Id. at 25. In his brief, Appellant alternately refers to the repair amount as either $1,400 or $1,492. For consistency, we shall hereinafter refer to the damage amount as $1,492.

[2] The trial court and the Commonwealth refer to the victim as "Korimko," whereas Appellant refers to him as "Korinko." The record reveals that "Korimko" is the proper spelling. See N.T., 10/17/16, at 8.

[3] The sentencing court acknowledged that the record supported an award of restitution of up to $2,500, but reasoned, "I'm splitting the paint job cost only because we don't have accurate detailed information in that regard." See N.T., 10/17/16, at 63.

the date of trial. The trial court denied the post-sentence motion on October 27, 2016. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issues for our review:

   I.   Were the guilty verdicts of criminal mischief and harassment rendered against the weight of the evidence?

   II.  Alternatively, was the sentencing order imposing restitution in the amount of $2,000 speculative and unsupported by the record?

Appellant's brief at 5.

In his first issue, Appellant challenges the weight of the evidence supporting his convictions for criminal mischief and harassment. Initially, we determine whether Appellant preserved his weight challenges for our review.

A challenge to the weight of the evidence must be preserved either in a timely post-sentence motion, a written motion before sentencing, or orally prior to sentencing. See Pa.R.Crim.P. 607(A)(1)-(3); see also id., cmt. ("The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). A claim challenging the weight of the evidence cannot be raised for the first time on appeal. Commonwealth v. Wilson, 825 A.2d 710, 713 (Pa.Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court

constitutes waiver of that claim. Commonwealth v. Burkett, 830 A.2d 1034, 1037 (Pa.Super. 2003).

On appeal, Appellant argues that the guilty verdicts for both criminal mischief and harassment were against the weight of the evidence. Our review of the record indicates that Appellant's challenge to the weight of the evidence, as presented in his post-sentence motion, was limited to his criminal mischief conviction. See Post-Sentence Motion, 10/26/16, at 1-3. Thus, we deem his challenge to the weight of his harassment conviction waived. See Pa.R.Crim.P. 607; Wilson, supra at 713.

Turning to Appellant's criminal mischief conviction, the following legal principles apply when a challenge to the weight of the evidence supporting a conviction is presented to the trial court:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000) (cleaned up).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1054-55 (Pa. 2013) (emphasis in original, cleaned up). "The finder of fact is the exclusive judge of the weight of the evidence[,] as the fact[-]finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses." Commonwealth v. Boyd, 73 A.3d 1269, 1274 (Pa.Super. 2013) (en banc). Therefore, we will reverse a verdict and grant a new trial only where the trial court abused its discretion in declining to find that the verdict is so contrary to the evidence as to shock one's sense of justice. Id.

Appellant contends that the trial court abused its discretion in finding him guilty of criminal mischief because Mr. Korimko's testimony was "incredible, unreliable, and self-serving," and "wholly inconsistent and

unreliable." Appellant's brief at 12-13. According to Appellant, his own "testimony presented a more coherent, reasonable and likely account of what happened . . .." Id. at 13. He additionally claims that "the contradictions that riddled [Mr.] Kori[m]ko's testimony . . . shock one's sense of justice." Id. Appellant points to the police incident report which indicates that Mr. Korimko told police that repairs to his motorcycle would cost an estimated $250. Id. (citing Affidavit of Probable Cause, 4/16/16). He contrasts Mr. Korimko's initial estimate with his trial testimony that, without paint, the actual cost of the repairs to the frame of his motorcycle totaled $1,492. Id. Appellant argues that Mr. Korimko's explanation for the discrepancy (i.e., that he initially believed only the headlight was damaged) was incredible, considering Mr. Korimko's contention "that he observed the caved-in nature of the cowl immediately after impact." Id. at 14 (emphasis in original). He further discredits Mr. Korimko's testimony because he described his motorcycle to police as a 2014 Kawasaki, yet testified at trial that it was a 2012 model. Id. at 15. Appellant also claims that "[t]o believe that one single punch by [Appellant] to [Mr.] Kori[m]ko's motorcycle caused $2,000 worth of significant damage, including damage to the entire body of the motorcycle, strains the bounds of credibility." Id.

According to Appellant, the "most indicative and self-serving" aspect of Mr. Korimko's testimony was the deal they struck for Mr. Korimko to remove a vehicle from Appellant's property. Id. at 15-16. Appellant asserts that,

although Mr. Korimko indicated that he ended up slowly dismantling the vehicle because a junkyard would not accept it without a title, "his testimony left unclear whether the parts were in a junkyard, or in his garage having been rejected by the junkyard." Id. at 16. He further contends that "[t]he disagreement over the vehicle parts provided [Mr.] Kori[m]ko with an opportunity to fabricate a story painting [Appellant] as an angry and physical aggressor." Id. at 17. Finally, Appellant argues that Mr. Korimko's "testimonial contradictions and inconsistencies, coupled with his motivation for testifying as he did against [Appellant]," render the guilty verdicts against the weight of the evidence. Id. at 17-18.

When, as in the instant case, the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. See Commonwealth v. Gibbs, 981 A.2d 274, 282 (Pa.Super. 2009); see also Widmer, supra at 751-52 ("A new trial should not be granted because of a mere conflict in the testimony"). "[W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." Id.; see also Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa.Super. 2004) ("Generally, unless the evidence is so

unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." (citation omitted)).

In order to convict Appellant of criminal mischief, the Commonwealth was required to prove that Appellant "intentionally damage[d] . . . personal property of another." 18 Pa.C.S. § 3304(a)(5). Mr. Korimko testified that Appellant punched his motorcycle, causing damage. Appellant essentially asks this Court to reassess the credibility of the witnesses. However, this Court cannot substitute its judgment for that of the trier of fact. Gibbs, supra. The trial court, as fact-finder, was free to believe the testimony of Mr. Korimko and to disbelieve the testimony of Appellant. Boyd, supra. The trial court rejected Appellant's testimony that he did not hit the motorcycle to be non-credible, and instead credited Mr. Korimko's testimony that Appellant intentionally struck the vehicle. Trial Court Opinion, 6/22/17, at 4 (finding the Commonwealth's evidence to be "credible, competent and reliable"); see also 18 Pa.C.S. § 3304(a)(5), ("A person is guilty of criminal mischief if he: . . . intentionally damages . . . personal property of another."). The court further determined that the verdict of guilt for criminal mischief "does not shock any rational sense of justice." Id. Having given due consideration to the findings and reasons advanced by the trial judge, we discern no abuse of discretion. Accordingly, the denial of Appellant's

weight of the evidence challenge was not an abuse of discretion, and his first claim merits no relief.

In his second issue, Appellant contends that the $2,000 restitution award is "speculative and not supported by the record." Appellant's brief at 18. Appellant concedes Mr. Korimko testified that, "without paint, the damaged motorcycle parts cost $1,492 to repair" and "it would have cost him around $1,000 for the bike to get repainted[.]" Id. at 19. He argues, however, that the Commonwealth did not produce any photographs, receipts or the name of the repair shop to corroborate Mr. Korimko's trial testimony. Id. at 19-20. Finally, Appellant asserts that "[e]ven if the [sentencing] court were to take [Mr.] Kori[m]ko's unreliable testimony as reliable and determine that the [motorcycle's] plastic body alone did cost $1,492 to repair, [the] $2,000 [restitution order] exceeds the amount of loss suffered by [Mr.] Kori[m]ko in repairing the damage to his motorcycle." Id. at 20.

The Commonwealth counters that Appellant's restitution claim implicates the discretionary aspects of his sentence, and is waived based on his failure to comply with Pa.R.A.P. 2119(f).[4] In response, Appellant argues that his restitution claim presents a non-waivable challenge to the legality of

_____

[4] Pursuant to Pa.R.A.P. 2119(f), "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.").

his sentence. For the reasons that follow, we conclude that Appellant's restitution claim presents a challenge to the discretionary aspects of his sentence which must be preserved for our review; and, further, that it was not so preserved.

Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence. Commonwealth v. Harner, 617 A.2d 702, 704 (Pa. 1992). In the context of criminal proceedings, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation, 42 Pa.C.S. § 9754. When restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. Harner, supra at 706. However, when a victim suffers injury to person or property, a sentencing court is mandated under § 1106(a) to enter an order of restitution for the loss or damage directly resulting from the crime. 18 Pa.C.S. § 1106(a). Section 1106(a) provides:

> General rule. — Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a). Because of the statutory language "directly resulting from the crime," restitution under § 1106(a) is proper only if there is a direct

causal connection between the crime and the loss. Harner, *supra* at 706 (stating that § 1106(a) "is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable"). Thus, the sentencing court is statutorily required to impose restitution under § 1106(a) when the Commonwealth has established that the defendant committed a crime, the victim suffered injury to person or property, and there exists a direct causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim. See 18 Pa.C.S. § 1106(a); *see also Commonwealth v. Pappas*, 845 A.2d 842 (Pa.Super. 2004) (holding that restitution under § 1106(a) may be imposed only for those crimes to property or person where the victim suffered a loss that flows from the conduct that forms the basis of the crime for which the defendant is held criminally accountable).

In fashioning an award of restitution, the sentencing court must consider the extent of injury suffered by the victim, the victim's request for restitution, and such other matters as it deems appropriate. See 18 Pa.C.S. § 1106(c)(2)(i). To determine the correct amount of restitution, a "but-for" test is used to identify damages which occurred as a direct result of the crime and which should not have occurred but for the defendant's criminal conduct. *Commonwealth v. Gerulis*, 616 A.2d 686, 697 (Pa.Super. 1992). Additionally, when imposing an order of restitution, the lower court must

ensure that the record contains the factual basis for the appropriate amount of restitution. Commonwealth v. Pleger, 934 A.2d 715, 720 (Pa.Super. 2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. Id. Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative. Commonwealth v. Reed, 543 A.2d 587, 589 (Pa.Super. 1988). Additionally, the amount of restitution ordered by the court cannot be in excess of the damage caused by the defendant. Gerulis, supra at 697 (citing Commonwealth v. Boyles, 595 A.2d 1180, 1188 (Pa.Super. 1991)). Although it is mandatory under § 1106(c) to award "full restitution," the amount must be determined under the adversarial system with considerations of due process. Commonwealth v. Ortiz, 854 A.2d 1280, 1282 (Pa.Super. 2004).

In In the Interest of Dublinski, 695 A.2d 827 (Pa.Super. 1997), this Court noted an apparent conflict in our decisions as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. See id. at 828-29 (noting that several opinions had held that a claim that a restitution award is speculative implicated the discretionary aspects of sentencing, whereas other opinions had held that a claim that the restitution award is not supported by the record implicates the legality of the sentence).

In *In the Interest of M.W.*, 725 A.2d 729, 731 n.4 (Pa. 1999), our Supreme Court addressed the confusion and clarified that a claim that the trial court lacked statutory authority to impose restitution implicates the legality of sentence, whereas a claim that the amount of restitution is excessive implicates the discretionary aspects of sentencing. In that case, the juvenile defendant, M.W., entered a negotiated plea and was adjudicated delinquent based upon commission of conduct constituting the offense of criminal trespass. M.W. averred that restitution was improper because the juvenile court lacked statutory authority to impose restitution in light of the Commonwealth's failure to prove M.W. caused any property damage. M.W. prevailed before this Court, and after being granted allowance of appeal, the Commonwealth argued to the Supreme Court that the issue had been waived because the question raised related to the discretionary aspects of sentence, and M.W. had not included a Pa.R.A.P. 2119(f) statement in his brief. The Supreme Court disagreed, ruling that because the issue presented a challenge to the juvenile court's statutory authority to order restitution, as opposed to the court's exercise of discretion in fashioning it, the issue implicated the legality of the sentence. *Id.* at 731. The Court elaborated as follows:

> We recognize that there has been some confusion as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is

premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing.

Id. at 731 n.4 (internal citations omitted).

Despite the clarity afforded by our High Court in In re M.W., this Court continues to include boilerplate language to the effect that a challenge to the legality of sentence is presented when the defendant claims that the sentence of restitution is "unsupported by the record." See e.g., Commonwealth v. Rotola, 173 A.3d 831, 834 (Pa.Super. 2017) ("An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter"). Unfortunately, the phrase "unsupported by the record" provides no meaningful guidance as to whether a particular claim implicates the discretionary aspects or legality of sentencing, as its broad scope is amenable to differing interpretations. In some cases, a lack of record support may implicate the sentencing court's statutory authority to impose restitution and, hence, the legality of sentence. In other cases, there may be a lack of record support for the amount of restitution, which would implicate the court's discretion in determining the amount of restitution to be imposed. Thus, the mere use of the phrase "unsupported by the record" is not determinative, and cannot, ipso facto, operate to transform a discretionary aspects of sentencing claim into a legality of sentence claim

We are bound to follow the reasoned approach of our Supreme Court in In re M.W., wherein it drew a distinction between claims that challenge the sentencing court's statutory authority to impose restitution, and those which seemingly concede such authority, but challenge the court's exercise of discretion in determining the appropriate amount of restitution. In re M.W., supra at 731 n.4. Accordingly, in determining whether a particular claim implicates the legality or discretionary aspects of sentencing, we do not merely look at the manner in which a restitution challenge is phrased; we must instead examine the specific nature of the claim presented to determine whether it challenges the sentencing court's statutory authority to impose restitution, or its discretion in determining the amount of restitution.

According to the High Court, when a challenge is directed to the trial court's statutory authority to impose restitution, it concerns the legality of the sentence. Id. at 731. A sentencing court has statutory authority to impose restitution under § 1106(a) when the defendant committed a crime, the victim suffered damage to person or property, and there exists a direct causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim. See 18 Pa.C.S. § 1106(a). Thus, a challenge to the legality of sentence is presented when the defendant claims that the trial court lacked statutory authority to impose restitution because the Commonwealth failed to establish one or more of the requirements of section 1106(a). See e.g., In re M.W., supra at 731 (holding that a claim

that the juvenile court lacked statutory authority to impose restitution in light of the Commonwealth's failure to prove that M.W. caused any property damage implicated the legality of sentence); Rotola, supra at 835 (holding that legality of sentence was implicated where defendant claimed that there was no causal nexus between the offense for which the defendant pled guilty and the amount of restitution ordered, where he was not responsible for the burglary that led to the victim's loss); Commonwealth v. Poplawski, 158 A.3d 671, 674-75 (Pa.Super. 2017) (treating defendant's claim of no causal nexus between the offense for which he was convicted and the restitution award as a legality of sentence claim);[5] Commonwealth v. Holmes, 155

_____

[5] The Dissent relies on Poplawski, supra, in support of its position that Appellant's restitution claim implicates the legality of his sentence. In Poplawski, the jury found Poplawski guilty of home improvement fraud for receiving an advance payment of $2,000 for work he did not perform. The victim ultimately paid another contractor $41,637 to perform work. The sentencing court ordered restitution in the amount of $41,637. On appeal, Poplawski challenged the restitution award on the basis that (1) "there was no causal connection between the crime for which [Poplawski] was convicted . . . and the amount of said restitution[;]" and (2) the "amount was speculative and not supported by the record." Id. at 673. Without any analysis, the Poplawski court determined the claim constituted an attack on the legality of sentence. Id. at 674. Under the reasoning of In re M.W., the Poplawski court's determination was correct. The essence of Poplawski's claim was that the sentencing court lacked statutory authority to impose restitution because the Commonwealth had not established one of the requirements of § 1106(a), namely, a direct causal connection between the crime of which Poplawski was convicted and the $41,637 in loss claimed by the victim. As such, Poplawski's claim presented a challenge to the legality of his sentence of restitution. See In re M.W., supra at 731 (when a challenge is directed to the trial court's statutory authority to impose restitution, it concerns the legality of the sentence).
(Footnote Continued Next Page)

A.3d 69, 75 (Pa.Super. 2017) (en banc) (plurality) (holding that legality of sentence was implicated where defendant claimed that the victim's funeral costs and expenses were not a direct result of his criminal actions); Commonwealth v. Barger, 956 A.2d 458, 464 (Pa.Super. 2008) (holding that legality of sentence was implicated where defendant claimed no causal connection between order restitution for replacement cost of the couch on which victim was allegedly raped when defendant was acquitted of all rape and sexual assault charges); Commonwealth v. Langston, 904 A.2d 917,

(Footnote Continued) ————————————

Ultimately, the Poplawski court determined that the restitution order was illegal since the Commonwealth failed to establish a direct causal connection between the crime committed and the loss claimed by the victim. The record was unclear as to whether some portion of the $41,637 represented payment for work beyond that which Poplawski was requested and paid to perform. As explained by the Poplawski court, "we cannot determine whether this $41,637 . . . was money [the complainant] would have had to expend to complete the project regardless of [Poplawski's] involvement." Poplawski, supra at 674-75. Thus, in Poplawski, the Commonwealth failed to establish that the victim's losses were directly caused by the particular crime committed by Poplawski.

Poplawski is factually and legally distinguishable from the case sub judice. The instant appeal does not involve a challenge to the sentencing court's statutory authority to impose restitution. Appellant was convicted of criminal mischief for the damage he caused to Mr. Korimko's motorcycle. Mr. Korimko testified that he paid $1,492 to repair the motorcycle and that it would cost an additional estimated $1,000 to repaint it. Unlike in Poplawski, there is no argument that any aspect of loss claimed by Mr. Korimko was not directly caused by Appellant. Instead, the Commonwealth established a direct causal connection between the crime for which Appellant was convicted and the costs to repair and repaint the motorcycle. As each of the requirements of section 1106(a) were satisfied, the sentencing court was authorized to impose restitution for the repair and painting costs. Therefore, the legality of Appellant's sentence of restitution is not implicated.

- 17 -

921 (Pa.Super. 2006) (holding that legality of sentence was implicated where defendant claimed that the trial court lacked statutory authority to enter a restitution order because the minor was not a "victim" who was statutorily entitled to receive mandatory restitution under the Crimes Code and Sentencing Code); Commonwealth v. Popow, 844 A.2d 13, 19 (Pa.Super. 2004) (holding restitution for medical bills was improper under § 1106(a) due to lack of direct causation where appellant was acquitted of cutting victim and only convicted of threatening him).

Conversely, where the Commonwealth has established each element of § 1106(a), i.e., the victim suffered loss to person or property directly caused by the specific crime committed by the defendant, a claim that the restitution order is excessive implicates the discretionary aspect of sentencing. See In re M.W., supra at 731 n.4; see also Holmes, supra at 78 ("Where . . . statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge."); Pappas, supra at 842-43 (holding defendant's claim that the restitution order was "not supported by the record" implicated the discretionary aspects of his sentence based on his assertion that the court could not rely on the pre-sentence investigation report in determining the amount of restitution to impose); Commonwealth v. Penrod, 578 A.2d 486, 490 n.1 (Pa.Super. 1990) (ruling defendant's claim that "the amount of restitution ordered was

improper" presented a challenge to the discretionary aspects of his sentence).

Here, although Appellant frames his challenge to the restitution order as "unsupported by the record," ostensibly in an attempt to suggest that it is a legality of sentence claim, his brief lacks any viable claim that the sentencing court did not have statutory authority to impose restitution under § 1106(a). Appellant was convicted of criminal mischief as a result of the damage he intentionally caused to Mr. Korimko's motorcycle. See 18 Pa.C.S. § 3304(a)(5) ("A person is guilty of criminal mischief if he: . . . intentionally damages . . . personal property of another."). Appellant concedes that the Commonwealth presented Mr. Korimko's testimony that he paid $1,492 to replace the damaged parts of the motorcycle, and that it would cost an estimated additional $1,000 to have it repainted. Appellant does not claim that there is no direct causal connection between his conviction of criminal mischief and the costs to repair and repaint Mr. Korimko's motorcycle. As there is no dispute that the Commonwealth satisfied each element of § 1106(a), the sentencing court possessed the statutory authority necessary to impose restitution. Consequently, despite Appellant's use of the phrase "unsupported by the record," the legality of his sentence of restitution is not implicated.

The crux of Appellant's argument is that, because Mr. Korimko paid $1,492 in repair costs, but had not yet paid the estimated $1,000 cost to

repaint the motorcycle as of the date of sentencing, the $2,000 restitution award exceeded the amount of Mr. Korimko's actual losses, and was therefore excessive. See Appellant's brief at 19-20. As Appellant's claim concerns the amount of restitution ordered, rather than the propriety of restitution, his claim implicates the discretionary aspects of his sentence.

Having concluded that Appellant presents a challenge the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. See Commonwealth v. Yanoff, 690 A.2d 260, 267 (Pa.Super. 1997). Prior to reaching the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [see] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [see] 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

In the instant case, Appellant filed a timely post-sentence motion and a timely notice of appeal. However, he failed to include in his brief a separate Rule 2119(f) statement, and the Commonwealth has objected. We are precluded from reaching the merits of his discretionary sentencing claim when the Commonwealth lodges an objection to the omission of the statement. Commonwealth v. Roser, 914 A.2d 447, 457 (Pa.Super.

2006); see also Commonwealth v. Farmer, 758 A.2d 173, 182 (Pa.Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived). Accordingly, Appellant failed to preserve his challenge to the discretionary aspects of his sentence of restitution, and it is waived.

Judgment of sentence affirmed.

Judge Olson joins the opinion.

Judge Kunselman files a concurring opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/17/2018