J-S52023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IKIESHA F. COOK | : | |
| | : | |
| Appellant | : | No. 2320 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011847-2013.

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED NOVEMBER 27, 2019**

Ikiesha F. Cook appeals from the judgment of sentence imposed after the trial court found her guilty of endangering the welfare of a child and recklessly endangering another person.[1]  Upon review, we affirm.

The facts are fully set forth in the trial court's opinion.  Briefly, we note that Cook's convictions arose from her failure to adequately feed her foster child, S.M.  S.M. is a 10 year old girl, who suffered from various physical and mental disorders.  She had been in Cook's care for several years.  While living with Cook, S.M. failed to thrive.  She suffered from extreme physical underdevelopment and abnormally low weight.  Eventually, because of her weight, S.M. was referred to Children's Hospital of Philadelphia and admitted for severe malnutrition.  At the time, she weighed only 48 ½ pounds.  During

_____

[1] 18 Pa.C.S.A. § 4304 and 18 Pa.C.S.A. § 2705.

her hospital stay, S.M. ate regularly without issue and quickly gained over 2 pounds during her brief stay. Following her hospitalization, S.M. was placed with another foster parent. There, she continued to thrive, gaining 18 pounds in only 2 months. Thereafter, Cook was arrested and charged.

Following a bench trial, the court found Cook guilty of endangering the welfare of a child and recklessly endangering another person. The trial court sentenced Cook to 11 ½ to 23 months of imprisonment followed by 2 years of probation on these charges.

Cook filed a post-sentence motion. However, only two days later and before the trial court could rule on her motion, Cook filed a notice of appeal.[2] Cook and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Cook raises a single issue:

Was the verdict of the trial court rendered wholly against the weight of the evidence?

Cook's Brief at 2.

Initially, we note that an appellant must preserve a claim that the verdict is against the weight of the evidence with the trial court by a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607(A) provides an appellant

---

[2] Upon receipt of Cook's appeal, this Court issued a rule to show cause why the appeal should not be dismissed as interlocutory. At Cook's request, we accepted the appeal as filed after the entry of an appealable order. *See* Pa.R.A.P. 905(a)(5).

three ways in which to preserve the issue: 1) orally, on the record, at any time before sentencing; 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3).

A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009). If an appellant challenges the verdict on the weight of the evidence in a Rule 1925(b) statement without having followed Rule 607, and the trial court addresses that issue in its Rule 1925(a) opinion, this court cannot address the merits of the weight claim. *Id.* "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018), *appeal granted*, 215 A.3d 966 (2019); *see also* Comment to Pa.R.Crim.P. 607.

Our review of the record reveals that Cook did not present her weight claim to the trial court as required under Pennsylvania Rule of Criminal Procedure 607. She did not raise it any time prior to sentencing, either orally or by written motion. *See* Pa.R.Crim.P. 607(A)(1)-(2). Additionally, although Cook filed a post-sentence motion, Cook did not raise it therein; she only challenged her sentence. *See* Pa.R.Crim.P. 607(A)(3). Instead, Cook impermissibly raised her weight claim for the first time in her Pa.R.A.P. 1925(b) statement. *See Sherwood*, 982 A.2d at 494. Moreover, even though the trial court addressed her weight claim in its Pa.R.A.P. 1925(a)

opinion, in the absence of a motion to the trial court, Cook did not preserve her weight claim. **See** Comment to Pa.R.Crim.P. 607(a); **Weir**, 201 A.3d at 167. In short, Cook waived her weight claim, and, we cannot address the merits of her appeal.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/27/2019*