J-S19045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAR GATEWOOD | : | |
| | : | |
| Appellant | : | No. 2401 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 30, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003887-2022

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                    **FILED JUNE 23, 2025**

Jamar Gatewood ("Gatewood") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") after a jury found him guilty of aggravated indecent assault - complainant less than thirteen years of age, indecent assault of a person less than thirteen years of age, unlawful contact with a minor, corruption of minors, and endangering welfare of children.[1]  Gatewood challenges the discretionary aspects of his sentence and argues the trial court abused its discretion in precluding him from introducing certain testimony on hearsay grounds.  We affirm.

_____

[1] 18 Pa.C.S. §§ 3125, 3126, 6318, 6301, 4304.

The charges in this matter stem from Gatewood's sexual assault of the five-year-old daughter of his paramour. Prior to trial, the Commonwealth filed a motion in limine, seeking, inter alia, to preclude Gatewood from introducing testimony of his own exculpatory statements through any witnesses.[2] The trial court granted the motion.

A jury subsequently convicted Gatewood on all charges. The trial court sentenced him to an aggregate term of nine to eighteen years in prison, followed by three years of probation. Gatewood filed a motion to reconsider the sentence, which the trial court denied. Gatewood filed a timely appeal and a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Gatewood raises the following questions for our review:

1. Whether the lower court erred and abused its discretion in granting the Commonwealth's motion in limine to preclude [Gatewood] from introducing certain testimony and not allowing him to present certain witnesses that lower court ruled would be hearsay?

2. Whether the sentence imposed on [Gatewood] was harsh and excessive and an abuse of discretion since the lower court failed to properly consider all of the sentencing factors of 42 Pa.C.S.[] § 9721(b) or any mitigating evidence when it imposed the sentence in question?

3. Whether the lower court erred and abused its discretion in that it sentenced [Gatewood] in the upper end of the sentencing guidelines without considering mitigating factors

_____

[2] The motion has not been included in the certified record; however, the parties and the trial court do not dispute the claims raised by the Commonwealth in the motion.

- 2 -

and only considered the seriousness of the offense when it imposed sentence?

4. Whether the lower court erred and abused its discretion in sentencing [Gatewood] in that it failed to place its reasoning for the sentence, including its diversion from the sentencing guidelines, on the record?

5. Whether the lower court erred and abused its discretion in sentencing [Gatewood] in that it sentenced him outside of the guidelines and failed to state on the record his permissible range of sentence under the guidelines?

6. Whether the lower court erred and abused its discretion in sentencing [Gatewood] in that it failed to state its reasons for the sentence on the record?

Gatewood's Brief at 8-9 (some capitalization and italicization omitted).

## **Discretionary Aspects of Sentencing**

We begin by addressing Gatewood's various discretionary sentencing claims, which he raises as five separate issues on appeal. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). This Court has jurisdiction to hear this appeal if Gatewood can satisfy a four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Rivera***, 312, A.3d 366, 367-77 (Pa. Super. 2024) (citation omitted).

Here, Gatewood filed a timely appeal and post-sentence motion. He did not, however, include a 2119(f) statement in his appellate brief. Further, the Commonwealth objected to the omission of the 2119(f) statement. Commonwealth's Brief at 8. Therefore, we may not reach the merits of Gatewood's challenges to the discretionary aspects of his sentence. ***See Commonwealth v. Weir***, 201 A.3d 163, 175 (Pa. Super. 2018) (explaining that an appellate court may not reach the merits of the claims when the appellant does not include a 2119(f) statement in his brief and the Commonwealth objects).

## Motion In Limine

Gatewood further contends the trial court erred in granting the Commonwealth's motion in limine precluding him from introducing certain testimony on hearsay grounds. Gatewood's Brief at 15. Gatewood points to the trial court's statement that the motion was granted because it sought to preclude "statements that may have been made at other times to other individuals, either law enforcement or potential [d]efense witnesses." ***Id.*** at 17.

Relevantly, in its motion in limine, the Commonwealth sought to preclude Gatewood from introducing his own exculpatory statements through any Commonwealth or defense witnesses, as the out-of-court statements

constituted hearsay. Before trial, counsel for both parties briefly discussed this request, indicating the following:

> [Gatewood's counsel]: … [I]f there's an exception to hearsay, it would be admissible. So I think it has to be addressed at [trial]. So if there is a valid exception to a hearsay on the point for No. 2, I believe we would address it at [that] time. I don't have any direct knowledge of a particular statement that I'd be using during this case that he's referring to. So I mean, if something came up and he -- obviously if he testifies. I don't know at this point whether he's going to testify or not.
>
> THE COURT: Well, I don't think he's talking about whether or not he testifies. I think he was talking about statements that may have been made at other times to other individuals, either law enforcement or potential defense witnesses. So the Commonwealth's motion in limine 2 is granted.
>
> [Gatewood's counsel]: Fair enough.

N.T., 04/29/2024, at 6-7 (unnecessary capitalization omitted).

Gatewood's argument does not identify the specific testimony or witnesses he sought to introduce. Indeed, Gatewood merely indicates "the parties as well as the [trial] court apparently knew what they were talking about, even though it is very hard to discern from this record." Gatewood's Brief at 17. The record, in fact, makes it impossible for this Court to discern what testimony the Commonwealth sought to preclude, what witnesses Gatewood would have been called to introduce the testimony, or that Gatewood even preserved an objection to its admissibility. It is well settled that "[a]ny claim for which an appellant fails to include citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review is waived." *Commonwealth v. Patterson*, 180 A.3d 1217, 1229

(Pa. Super. 2018) (citation and quotation marks omitted).  Therefore, having provided no detail as to the specific testimony that would have been admissible, Gatewood's claim is waived.  *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2025