J-A27030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMON BELLESEN | : | |
| | : | |
| Appellant | : | No. 2429 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008515-2022

BEFORE: BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 5, 2025**

Damon Bellesen (Appellant) appeals from the judgment of sentence imposed following his nonjury convictions of one count each of persons not to possess firearms, possession of a firearm with altered manufacturer's number, resisting arrest, and unlawful possession of a controlled substance.[1] On appeal, Appellant raises several claims relating to the discretionary aspects of his sentence. Because we determine Appellant fails to properly invoke this Court's jurisdiction to challenge the discretionary aspects of his sentence, we dismiss the appeal.

The trial court summarized the facts underlying Appellant's convictions as follows:

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6110.2(a), 5104; 35 P.S. § 780-113(a)(16).

On October 5, 2022, [Philadelphia] Police Officer Kyle Miller ("Officer Miller") was on patrol on [the] 5400 [block of] Greys Avenue, Philadelphia, P[ennsylvania], when he observed a silver Mercedes with heavy window tint operated by Appellant[. Officer Miller] initiated a traffic stop for a violation of Pennsylvania's Vehicle Code[, *i.e.*, 75 Pa.C.S.A. § 4524(e)(1) (Sun screening and other materials prohibited)]. During the stop, Officer Miller asked Appellant to step out of the vehicle multiple times. Appellant placed one foot out [of] the vehicle, then ran away from the still-running car. When [law enforcement] apprehended Appellant shortly thereafter[,] they recovered a .9mm Smith & Wesson [firearm] and narcotics from his person. N.T., 7/11/23, at 8-25.

Trial Court Opinion, 10/29/24, at 3 (record citation modified; footnote omitted).

On December 20, 2022, the Commonwealth filed a criminal information charging Appellant with carrying a firearm without a license and carrying a firearm on public streets in Philadelphia,[2] in addition to the above-described offenses. On May 10, 2023, Appellant filed a suppression motion, the contents of which are irrelevant to our disposition. The trial court denied Appellant's suppression motion on July 11, 2023, following a hearing. Immediately thereafter, the matter proceeded to a stipulated bench trial,[3] after which the trial court convicted Appellant of the above offenses.[4]

---

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6108.

[3] Appellant stipulated that he "was prohibited from carrying a firearm at the time of this offense due to a prior conviction." N.T., 7/11/23, at 71-72.

[4] The Commonwealth *nolle prossed* Appellant's carrying a firearm without a license and carrying a firearm in public streets in Philadelphia charges prior to trial.

On April 25, 2024, the trial court sentenced Appellant to 9 to 18 years in prison for his persons not to possess conviction, and imposed no further penalty for the remaining offenses.[5, 6] Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence, which was denied by operation of law. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[7]

Appellant raises the following five issues:

_____

[5] A separate trial court judge subsequently sentenced Appellant to an aggregate term of 3½ to 7 years in prison, and nine years of concurrent probation, at docket number CP-51-CR-0005434-2021 (Case 5434), to be served concurrently with the instant sentence. Appellant timely appealed his sentence at Case 5434, and that appeal is also before this panel, docketed at 2666 EDA 2024.

[6] As Appellant committed his crimes on October 5, 2022, the trial court sentenced Appellant using the Seventh Edition of the Sentencing Guidelines. *See* 204 Pa. Code § 303a.2(a)(3) ("The sentencing guidelines shall apply to all offenses committed on or after the effective date of the guidelines."); *id.* 303a.8 (7th Edition, Amend. 6, effective January 1, 2021; 8th Edition, effective January 1, 2024). At sentencing, the parties agreed that the applicable sentencing guideline range was 120 months' incarceration, plus/minus 12 months, based upon an 11-point offense gravity score for persons not to possess, and Appellant's prior record score of repeat violent offender (REVOC). *See* N.T., 4/25/24, at 5; *see also* 204 Pa. Code § 303.4(a)(1) (defining REVOC). Thus, **the trial court imposed sentence at the bottom end of the mitigated range of the applicable sentencing guidelines**.

[7] Appellant timely filed a counseled, court-ordered Pa.R.A.P. 1925(b) concise statement. Thereafter, without leave of court, Appellant untimely filed a counseled, "amended" concise statement, restating the issues set forth in his timely concise statement, in addition to a bald assertion that "the lower court abused its discretion in denying [Appellant's] motion to suppress." Amended Concise Statement, 9/25/24, ¶ 6. As Appellant has abandoned on appeal his challenge to the trial court's suppression determination, we need not address the propriety of Appellant's amended concise statement.

1.      Whether the sentence imposed on [Appellant] was harsh and excessive and an abuse of discretion since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?  …

2.      Whether the [trial] court erred and abused its discretion in that it sentenced [Appellant] in the upper end of the sentencing guidelines[,] without considering mitigating factors[,] and only considered the seriousness of the offense when it imposed the aggravated range sentence?

3.      Whether the [trial] court erred and abused its discretion in sentencing [Appellant,] in that it failed to place its reasoning for the sentence, including its diversion from the sentencing guidelines, on the record?

4.      Whether the [trial] court erred and abused its discretion in sentencing [Appellant,] in that it sentenced him outside of the guidelines[,] and failed to state on the record his permissible range of sentence[s] under the guidelines?

5.      Whether the [trial] court erred and abused its discretion in sentencing [Appellant,] in that it failed to state its reasons for the sentence on the record?

Appellant's Brief at 7-8 (extraneous subparagraphs omitted).

Each of Appellant's claims implicate the discretionary aspects of his sentence, from which there is no absolute right to appeal.  ***Commonwealth v. Summers***, 245 A.3d 686, 691 (Pa. Super. 2021).  Rather, an appellant must invoke this Court's jurisdiction by satisfying a four-part test.  ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).  This Court applies the four-part test to determine

(1) whether the appellant filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether the appellant's brief

has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Bartic*, 303 A.3d 124, 134 (Pa. Super. 2023) (brackets and some citations omitted).

Appellant has complied with the first two prongs of the test by raising his claims in a timely post-sentence motion and timely filing a notice of appeal. However, Appellant has not included in his brief a separate Rule 2119(f) statement of reasons relied upon for allowance of appeal, and the Commonwealth has objected to this omission. *See* Commonwealth Brief at 5 (arguing Appellant has waived for appellate review his challenge to the discretionary aspects of his sentence for failing to include a Rule 2119(f) statement). Accordingly, we are precluded from addressing the merits of his claims. *See Commonwealth v. Perzel*, 291 A.3d 38, 49 (Pa. Super. 2023) (stating that where "the appellee objects to a [Rule] 2119(f) omission … this Court is precluded from reviewing the merits of the claim and the appeal must be denied."); *Commonwealth v. Weir*, 201 A.3d 163, 175 (Pa. Super. 2018) ("We are precluded from reaching the merits of [an appellant's] discretionary sentencing claim when the Commonwealth lodges an objection to the omission of the [Rule 2119(f)] statement." (citations omitted)).

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2025