J-S03033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHELDON HENRY WOOD | : | |
| | : | |
| Appellant | : | No. 261 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 27, 2025
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000241-2023

BEFORE: DUBOW, J., BECK, J., and LANE, J.

JUDGMENT ORDER BY LANE, J.: **FILED FEBRUARY 24, 2026**

Sheldon Wood ("Wood") appeals from the judgment of sentence imposed following his sixteen convictions for various counts of rape of a child, rape by forcible compulsion, indecent assault of a child, indecent assault by forcible compulsion, endangering the welfare of a child, corruption of minors, indecent exposure, and unlawful contact with a minor.[1] We affirm.

Given our disposition, a detailed factual and procedural history is unnecessary. Briefly, on July 18, 2024, a jury convicted Wood of the above-referenced offenses. Wood did not file a post-trial motion. The trial court sentenced Wood on January 3, 2025. The trial court thereafter entered an amended sentencing order on January 27, 2025. Wood did not file a post-

---

[1] *See* 18 Pa.C.S.A. §§ 3121(a)(1), (c), 3126(a)(2), (7), 4304(a)(1), 6301(a)(1)(ii), 3127(a), 6318(a)(1).

sentence motion. Instead, Wood filed a timely notice of appeal on February 25, 2025. The trial court ordered Wood to file a Pa.R.A.P. 1925(b) concise statement. Wood complied, and in his concise statement he raised a singular challenge to the weight of the evidence. The trial court thereafter authored a statement in lieu of a Rule 1925(a) opinion in which it concluded that the sole issue raised by Wood in his concise statement was waived because Wood failed to raise his challenge to the weight of the evidence in an oral or written motion before the trial court.

Wood raises the following issue for our review: "Whether the weight of the evidence exists to convict [Wood]." Wood's Brief at unnumbered 4 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Wood preserved this claim for our review. In order to preserve a challenge to the weight of the evidence for appellate review, Pennsylvania Rule of Criminal Procedure 607(A) requires a defendant to raise such a challenge with the trial court in a motion for a new trial that is presented: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. *See* Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id*. *Comment*. An appellant's failure to avail himself of any of the three prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim. *See*

*Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018). The failure to properly preserve a weight claim will result in waiver, even if the defendant includes the issue in a Rule 1925(b) concise statement. *See Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009).

Here, the certified record reflects that Wood did not make either an oral or written motion for new trial raising a weight of the evidence claim before the trial court, as required by Rule 607(a). Therefore, as he failed to preserve the issue for our review, we conclude that his weight of the evidence challenge is waived.[2]

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/24/2026

_____

[2] In his counseled appellate brief, Woods states that, "after sentencing[, trial counsel] suddenly passed away before post[-]sentence motions could be filed" and that "[Wood's present counsel, Timothy Reitz, Esquire,] was appointed after the time for [a]ppeal had expired." Wood's Brief at unnumbered 8. However, we note that Attorney Reitz filed a timely notice of appeal in this matter on February 25, 2025. The certified docket also reflects that Attorney Reitz was counsel of record for Wood as of January 8, 2025, such that he was counsel for Wood when the amended sentencing order was entered on January 27, 2025.