# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

York County Clerk of Courts          :  **CASES CONSOLIDATED**
                                        :
          v.                     :  Nos. 1367 – 1379 C.D. 2023
                                          :  Submitted: November 6, 2025
Todd Dise,                      :
               Appellant    :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE WALLACE                         FILED: March 31, 2026

Todd Dise (Dise) appeals the August 10, 2022 order (Order) of the Court of Common Pleas of York County (trial court), which granted a motion by the York County Clerk of Courts (Clerk) to apply a restitution amount owed to Dise as a victim in a criminal case to costs and fines Dise owed as a defendant in unrelated cases. After review, we reverse.

## BACKGROUND

On June 30, 2022, Clerk filed a Motion to Apply Restitution to Defendant's Case (Motion) in the trial court. In that Motion, Clerk asserted Dise was entitled to receive restitution as a victim in a criminal case in the amount of $975.00, but noted that "in light of the cumulative amount [Dise] owe[d]" in 13 cases in which he was ordered to pay restitution, costs, and or fines, totaling $19,315.41, Clerk sought to

"apply any amount received to the amount owed." Original Record (O.R.), Vol. 1, at 127.[1] On August 10, 2022, the trial court held a hearing on Clerk's Motion.

Following the hearing, the trial court issued its Order, in which it clarified Dise owed $19,315.41 in fines and costs, but noted he did not owe any restitution. *Id*. at 142. The trial court explained:

> In the calendar year 2022, [Clerk] received payment of $75 in January and $66 and change in April. For the calendar year 2021, [Clerk] received a total of $200 in two individual payments. In the calendar year 2020, they received $900 in nine separate payments of $100. In 2019, they received seven payments of $100.
>
> [Dise] indicates that he is currently in Outmate status and is having $25 deducted from his wages, which is being held by the prison until his release. That doesn't really jive with the information the [trial court] has, but even if we were to accept [Dise's] statement, he does not explain why in 2021 there were only two $100 payments.
>
> He is owed approximately $985 in case 7527 of 2014, at least as of the time of the filing of the [Motion]. We direct that this amount, as it is collected or submitted by the Defendant . . . be applied to [Dise's] cases primarily to make up for what he didn't pay in 2021.

*Id*. at 142-43.

On September 9, 2022, Dise appealed the trial court's Order. In his Statement of Error Complained Pursuant to Pa.R.A.P. 1925(b), Dise asserted the trial court illegally modified Dise's payments for costs and fines when it took restitution owed to Dise and applied it to his fines and costs. *Id*. at 166.[2] In its Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court explained Dise is owed "only . . . $985.00," in restitution, but owes "costs and fines

---

[1] References to page numbers in the original record reflect electronic pagination.

[2] Clerk did not file a brief or otherwise participate in this appeal.

that total . . . $19,315.41." The trial court noted that as "the restitution owed to [Dise] is primarily intended to rehabilitate the offender in that case and not to 'award damages' to [Dise, the trial court's] application of those funds to [Dise's] outstanding balance is appropriate and not an error." *Id*. at 175.

### DISCUSSION

Because this case presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Braun v. Wal-Mart Stores, Inc.*, 106 A.3d 656, 663 n.8 (Pa. 2014). In other words, we consider the case anew, *see Manor v. Department of Public Welfare*, 796 A.2d 1020, 1029 (Pa. Cmwlth. 2002) (citation omitted), and we may review the entire record, *Probst v. Department of Transportation, Bureau of Driver Licensing*, 849 A.2d 1135 (Pa. 2004).

Dise argues the trial court's Order applying the restitution owed to him to fines and costs he owed in unrelated cases constituted an illegal order because the trial court lacked authority under any statute or rule to issue such an order. Dise's Br. at 4. We agree. Section 1106 of the Crimes Code addresses restitution. In this section, restitution is defined as the "return of property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court." 18 Pa.C.S. § 1106(h). Additionally, Section 1106 of the Crimes Code provides, in relevant part:

> **(a) General rule.**--Upon conviction for any crime wherein:
>
> > (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or
> >
> > (2) the victim, if an individual, suffered personal injury directly resulting from the crime,
>
> the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

3

. . . .

**(c) Mandatory restitution.—**

(1) The court shall order **full restitution**:

(i) Regardless of the current financial resources of the defendant, **so as to provide the victim with the fullest compensation for the loss**. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other government agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

. . . .

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

. . . .

**(e) Restitution payments and records.**--Restitution, when ordered by a judge, shall be made by the offender to the probation section of the county in which he was convicted or to another agent designated by the county commissioners with the approval of the president judge of the county to collect restitution according to the order of the court or, when ordered by a magisterial district judge, shall be made to the magisterial district judge. The probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution and the magisterial district judge shall maintain records of the restitution order and its satisfaction and **shall forward to the victim the property or payments made pursuant to the restitution order.**

18 Pa.C.S. § 1106. Thus, a sentencing court is statutorily required to order restitution be paid to a victim under § 1106(a) "when the Commonwealth has established that the defendant committed a crime, the victim suffered injury to person or property, and there exists a direct causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim." *Commonwealth v. Weir*, 201 A.3d 163, 170 (Pa. Super. 2018), *aff'd*, 239 A.3d 25 (Pa. 2020) (citing 18 Pa.C.S. § 1006(a)). Moreover, the law provides any payments made pursuant to

5

a restitution order "**shall**" be forwarded to the victim. 18 Pa.C.S. § 1006(e) (emphasis added).

Here, Dise is a victim in a criminal case in which a court ordered that he receive restitution. Because the purpose of the restitution order is "to provide the **victim** with the fullest compensation for [his] loss," 18 Pa.C.S. § 1106(c)(1)(i) (emphasis added), Dise is entitled to receive the restitution he is owed. That he may owe fines and costs to the trial court on unrelated matters is inconsequential. The law does not provide an exception to the requirement that restitution be paid to a victim because a crime victim may owe money to a trial court on unrelated matters. Moreover, the law clearly directs that payments made pursuant to a restitution order **shall** be forwarded to the victim. The law does not grant a court discretion to redirect such funds or permit a court to divert restitution funds back to itself for owed fines and costs.[3]

## CONCLUSION

Therefore, by failing to forward the restitution payments owed to Dise and, instead, ordering those restitution payments be redirected to Dise's owed fines and costs on unrelated cases, the trial court erred. Accordingly, we reverse the trial court's Order.

 

 

_____
STACY WALLACE, Judge

---

[3] The trial court's logic is not unreasonable and perhaps the legislature will consider whether an offset is a consideration it wants to statutorily incorporate, but just as the trial court did not have discretion, nor do we.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

York County Clerk of Courts : **CASES CONSOLIDATED**
:
v. : Nos. 1367 – 1379 C.D. 2023
:
Todd Dise, :
Appellant :

# **O R D E R**

**AND NOW**, this 31st day of March 2026, the August 10, 2022 order of the Court of Common Pleas of York County is **REVERSED**.

_____
STACY WALLACE, Judge