J-S02024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER NELSON | : | |
| | : | |
| Appellant | : | No. 794 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013038-2015

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED MARCH 11, 2022**

Appellant, Christopher Nelson, appeals *nunc pro tunc* from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas, following his jury trial convictions for involuntary deviate sexual intercourse ("IDSI")—forcible compulsion, unlawful contact with a minor—sexual offenses, statutory sexual assault—11 years or older, and corruption of minors.[1] We affirm.

In its opinion, the trial court set forth the relevant facts of this case as follows:

> On April 21, 2015, Denise Wilson (Ms. Wilson), a Special Victims' Forensic Interview Specialist with the Philadelphia Children's Alliance, interviewed the complainant, A.W. At that interview, A.W. disclosed that she had ended a sexual

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 6318(a)(1), 3122.1(b), and 6301(a)(1)(ii), respectfully.

relationship approximately a year prior with a 40-year-old man known to her as "Christopher" [(Appellant)].

A.W. explained that approximately two years prior, while she was a student in uniform at Saint Athanasius Immaculate Conception School (St. Athanasius), she gave her telephone number to her friend's uncle, [Appellant], a man known to her as the maintenance worker at her church. A.W. knew [Appellant's] younger children because they also attended St. Athanasius. A.W. gave [Appellant] her phone number with the understanding that it would be delivered to his niece, a friend of A.W. who had recently stopped attending St. Athanasius. A few hours later, instead of giving A.W.'s phone number to his niece, [Appellant] called A.W. and began grooming her. A.W. stated that the phone calls became more frequent and sexual in nature.

One day, when A.W. was 13 years old, [Appellant] took her to his grandmother's house located at 7233 Mansfield Avenue in Philadelphia and tried to persuade her to have sex with him. When A.W. declined [Appellant's] sexual advances, he became irritated and hit A.W. in her face with an open hand, yelled what he wanted from her, and forced his penis into her vagina. A.W. was able to describe what the Mansfield house looked like and how to get there from her school. She knew [Appellant's] personal cell phone number and clearly articulated all the ways in which [Appellant] groomed her and sexually took advantage of her over the course of a year.

(Trial Court Opinion, filed 7/6/21, at 1-2) (record citations omitted).

Appellant proceeded to a jury trial on March 20, 2018. The trial concluded on March 26, 2018, and the jury convicted Appellant of the aforementioned charges. The jury deadlocked on the charge of rape and the trial court declared a mistrial on that charge; the Commonwealth later withdrew prosecution for that offense.

On June 15, 2018, the trial court sentenced Appellant to an aggregate

10 to 20 years' imprisonment. The court also imposed the relevant sexual registration/reporting requirements. Appellant did not file a post-sentence motion or a direct appeal.

On July 12, 2019, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[2] The court appointed counsel, who subsequently filed an amended petition requesting reinstatement of Appellant's direct appeal rights *nunc pro tunc*. On January 10, 2020, the PCRA court granted the petition and reinstated Appellant's direct appeal rights. The court informed Appellant that he had 30 days following the appointment of new counsel to file the appeal. The court did not appoint new counsel until April 16, 2021. Appellant filed a counseled notice of appeal *nunc pro tunc* that day. On April 20, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his concise statement on May 8, 2021.

On appeal, Appellant raises the following two issues:

> Was the evidence insufficient to sustain the guilty verdicts for unlawful contact with a minor as there was no forensic evidence presented at trial of any cell phone communication between the Appellant and the complainant?

> Was the evidence insufficient to sustain the guilty verdicts for IDSI, unlawful contact with a minor, statutory sexual assault and corruption of minors, as Appellant presented substantive evidence of his good character for being peaceful and law-abiding, whereas this coupled by the evidence that he did not reside or have access to the

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Mansfield Street home where assaults purportedly occurred, and whereas he resided at the S. Markle Street home and was constantly with his cousin during time periods when assaults purportedly occurred, rendered the evidence insufficient?

(Appellant's Brief at 7) (questions renumbered for purposes of disposition).

Our standard of review for sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011)).

In his first issue, Appellant argues that the Commonwealth did not present corroborative or forensic evidence that Appellant had been in telephone communication with the victim. Although he acknowledges that

forensic evidence is not required to sustain a conviction, Appellant asserts that it is necessary here where he presented evidence of his good character and in light of his assertion that he was not present for the assaults. Appellant concludes the evidence was insufficient to sustain his conviction for unlawful contact with a minor, and this Court must grant him relief. We disagree.

The Crimes Code defines unlawful contact with a minor as follows:

**§ 6318. Unlawful contact with minor**

**(a) Offense defined.**—A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

* * *

**(c) Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

* * *

"Contacts." Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S.A. § 6318(a)(1), (c). "Even though the statute is entitled 'unlawful contact with a minor,' it is best understood as 'unlawful communication with

- 5 -

a minor.' By its plain terms, the statute prohibits the act of communicating with a minor for enumerated sexual purposes." ***Commonwealth v. Rose***, 960 A.2d 149, 152-53 (Pa.Super. 2008), *appeal denied*, 602 Pa. 657, 980 A.2d 110 (2009).

Furthermore, "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime." ***Commonwealth v. Johnson***, 180 A.3d 474, 481 (Pa.Super. 2018), *appeal denied*, 651 Pa. 431, 205 A.3d 315 (2019).

Instantly, in addressing Appellant's sufficiency challenge, the trial court noted that the phone number that A.W. gave to the investigator for Appellant matched the phone number associated with the phone that Appellant surrendered to the investigator, and that "[i]t was stipulated that A.W. was a minor at the time the assault occurred." (Trial Court Opinion at 8). The court further explained:

> . . . A.W. testified that early on in their communication, the nature of her conversations with [Appellant] turned sexual. [Appellant] was asking A.W. questions such as: "What are you wearing? What are you wearing under your clothes? Have you had sex before?" [N.T. Trial, 3/20/18,] at 53-54. Although [Appellant] is correct in that the Commonwealth never produced records of these conversations, the jury found A.W. to be credible and believed her testimony, which is sufficient to fulfill the second element of unlawful contact with a minor. Finally, it is undisputed that [Appellant] and A.W. were communicating within this Commonwealth, satisfying all three requirements to sustain the conviction of unlawful contact with a minor.

- 6 -

(*Id.* at 9) (record citation and unnecessary capitalization omitted).

Based on our review of the record, we agree with the court that the evidence was sufficient to establish that Appellant was in contact with a minor for a sexual purpose. *See Johnson, supra*; *Rose, supra*. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction. *See Tucker, supra*.

In his next issue, Appellant argues that he could not have committed the crimes for which he was convicted because he did not have access to the house where Appellant allegedly assaulted A.W. Appellant asserts he was also with other family members during the periods of time when the alleged crimes occurred. In light of his good character evidence, Appellant insists the Commonwealth presented insufficient evidence to sustain his convictions, and this Court must grant relief. We disagree.

Preliminarily, we note that an argument that the finder of fact should have credited one witness' testimony over that of another witness generally challenges the weight, not the sufficiency of the evidence. *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining claim that jury erred in crediting victim's testimony over appellant's version of events go to weight, not sufficiency of evidence). *See also Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999). *See also Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745 (2000) (explaining distinctions between claim challenging sufficiency of evidence and claim challenging weight of evidence).

Instantly, Appellant does not allege that the Commonwealth failed to establish any particular element of any of the charges for which he was convicted. Instead, Appellant maintains that the jury should have believed the testimony of defense witnesses, who claimed that Appellant did not have access to the property and could not have been with the victim at the time the alleged offenses took place, rather than the testimony of the victim. Notwithstanding the phrasing of Appellant's claim as concerning the sufficiency of the evidence, his claim is more properly construed as a challenge to the weight of the evidence. *See W.H.M., Jr., supra*; *Wilson, supra*.

A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607 provides:

**Rule 607.  Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." **Commonwealth v. Weir**, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, ___ Pa. ___, 239 A.3d 25 (2020). **See also** Pa.R.Crim.P. 607, *Comment* (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

Here, Appellant did not preserve his challenge to the weight of the evidence either orally at sentencing or in a post-sentence motion. Therefore, this issue is waived. **See Weir, supra**.

Moreover, even if Appellant's issue on appeal implicates the sufficiency and not the weight of the evidence, the evidence introduced at trial was sufficient to establish Appellant's guilt of the crimes charged beyond a reasonable doubt.[3] At trial, A.W. testified that she gave Appellant her phone

---

[3] The Crimes Code defines IDSI, in relevant part, as follows:

**§ 3123. Involuntary deviate sexual intercourse**

*(Footnote Continued Next Page)*

**(a) Offense defined.**—A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

(1) by forcible compulsion;

18 Pa.C.S.A. § 3123(a)(1). The Crimes Code sets forth the elements of first-degree felony statutory sexual assault as follows:

### § 3122.1. Statutory sexual assault

\*    \*    \*

**(b) Felony of the first degree.**—A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b). Section 6301 defines the offense corruption of minors, in relevant part, as follows:

### § 6301. Corruption of minors

**(a) Offense defined.**—

\*    \*    \*

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

number to pass along to his niece. Instead of passing along the phone number, Appellant called A.W. himself that evening, and then regularly thereafter. (N.T. Trial, 3/20/18, at 53-54). During the phone conversations, Appellant would ask A.W. what she was wearing, what she was wearing under her clothes, and if she had ever had sex. (*Id.* at 54). A.W. testified about the first time she met Appellant at his grandmother's house. She explained that he drove her to the house, took her upstairs, and pushed her into the bedroom and onto the bed. (*Id.* at 55-56). Appellant then told A.W. to take her clothes off and, when she did not, he hit her in the face. (*Id.* at 57). A.W. testified that Appellant directed her to perform oral sex on him, and then, despite her telling him she did not want to, put her on the bed and put his penis in her vagina. (*Id.* at 58). A.W. testified that this happened regularly from the time she was in sixth grade, until she was in eighth grade. (*Id.*)

With respect to Appellant's emphasis on his evidence of good character, the trial court explained its reasons for concluding that despite his character, the Commonwealth introduced sufficient evidence to establish his guilt:

> . . . [Appellant] had the benefit of a jury instruction which fully and correctly apprised the jury in the manner which it could consider [Appellant's] evidence of good character. This trial court quoted almost verbatim from the Pennsylvania Suggested Standard Jury Instruction. This court's charge was also consistent with the decisions of both the Supreme and Superior Courts which have examined jury instructions given with respect to evidence of good character.
>
> It is not the job of [the trial c]ourt to decide the veracity and credibility of A.W.'s testimony and whether that outweighs

the arguments [Appellant] made at trial. [Appellant] received the benefit of a proper jury instruction with regard to his evidence of good character. Despite [Appellant's] witnesses who attested to his good character, in addition to the argument that [Appellant] did not have access to the Mansfield Street home nor the opportunity to commit this crime, it was the jury who decided it wasn't enough to overcome the weight and credibility of A.W.'s testimony, and A.W.'s testimony alone is sufficient to sustain each of the guilty verdicts in this case.

(Trial Court Opinion at 7-8).

Upon review of the record, we agree that viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence would have been sufficient to sustain Appellant's convictions. *See Tucker, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022