J-S33035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
YOLANDA LYNN MCCORD :
:
Appellant : No. 1052 EDA 2022

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002454-2020

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 28, 2022**

Yolanda Lynn McCord ("McCord") appeals from the judgment of sentence imposed following her convictions for driving under the influence – highest-tier, driving under the influence – general impairment, and careless driving.[1] We affirm.

The trial court summarized the facts relevant to this appeal as follows:

Pennsylvania State Police Trooper Paul Figas [and his partner] observed a blue Honda Civic that appeared to be stuck in a grassy area between the Mueller's Bar and Grill parking lot and Route 209 in Middle Smithfield Township at approximately 02[:]30 on May 26, 2019. The vehicle's four-way flashers were on, the passenger door was open, the car was idling and people who appeared to be arguing were standing in front of the vehicle. . .. The troopers learned that the people arguing had been the occupants of the vehicle. The keys to the vehicle were still in the ignition. The troopers. . . determined that the registered owner of the vehicle was [McCord] . . . who was present on the scene. Ms. McCord was asked several times by the troopers if she was the driver who

---

[1] **See** 75 Pa.C.S.A. §§ 3802(c), 3802(a), 3714.

drove the vehicle to that location and she said she was. Trooper Figas observed that McCord ha[d] bloodshot, glassy eyes, an odor of alcoholic beverage emanating from her person, and was showing signs of impairment. He asked McCord if she had been drinking and she responded that she had "had three shots. . .." Trooper Figas observed numerous clues of impairment during Ms. McCord's [field sobriety] tests. She was then asked to provide a preliminary breath test, which she did. The test indicated the presence of alcohol. Trooper Figas did not believe Ms. McCord could safely operate the vehicle and he placed Ms. McCord in custody . . .. She was taken . . . for a blood draw, which she consented to. The results of a blood draw were a BAC[2] of .24%. . ..

Ms. McCord called Heaven Jones at trial. Ms. Jones testified that she was Ms. McCord's ex-girlfriend and was at the scene that night in front of Muller's bar when the police arrived. She testified that she was the driver of the car not Ms. McCord. . .. [Ms. Jones] was present when Ms. McCord admitted that she was driving the car and when she took the field sobriety tests. She said she did not admit to the trooper that she was the driver because she had a suspended driver's license and was on probation and did not want to be charged with a violation. She testified that Ms. McCord was lying when she told the trooper that she was driving.

Trooper Figas was recalled to the stand and testified that he did not recall Ms. Jones being present on the scene, and that she did not appear on the motor vehicle video recording that was taken from his patrol vehicle.

Trooper Figas testified that Ms. McCord repeatedly told him at the scene that she was driving the car which his investigation had determined to be hers.

Trial Court Opinion, 5/11/22, at 2-4 (unnumbered) (internal citations omitted).

---

2 BAC refers to blood alcohol content.

At the conclusion of McCord's non-jury trial, the court found her guilty of the above-listed offenses. On February 14, 2022, the trial court imposed a sentence of three days to six months of incarceration. On March 3, 2022, McCord filed an untimely motion to reconsider sentence, which the trial court denied the same day.

On April 1, 2022, McCord filed a notice of appeal, and the trial court issued a Rule 1925(a) opinion. This Court issued a rule to show cause why McCord's appeal should not be quashed as untimely. Counsel filed a response indicating that she mistakenly believed she had filed a timely appeal from the denial of her untimely post-sentence motion. This Court discharged the rule to show cause subject to this panel's right to revisit the issue.

On appeal, McCord raises the following issue for our review:

Whether the trial court erred in finding [McCord] guilty of driving under the influence, highest rate[,] when the verdict was not supported by the weight of the evidence?

McCord's Brief at 7.

Preliminarily, we must consider whether we have jurisdiction to entertain this appeal. *See Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (noting that the timeliness of an appeal implicates jurisdiction and may be raised by the Court *sua sponte*); *see also* Pa.R.A.P. 903 (establishing general rule that appeal must be filed with thirty days of entry of order from which appeal is taken).

A direct appeal in a criminal proceeding lies from the judgment of sentence. *See Commonwealth v. Preacher*, 827 A.2d 1235, 1236 n. 1 (Pa. Super. 2003). A written post-sentence motion must be filed no later than ten days after imposition of sentence. *See* Pa.R.Crim.P. 720(A). A sentence is imposed on the date the trial court pronounced the sentence in open court. *See Green*, 862 A.2d at 618-19.

Here, the trial court imposed McCord's sentence in open court on February 14, 2022. The certified record reveals that McCord filed her motion to modify sentence on March 3, 2022, seventeen days after the imposition of sentence. Because McCord did not file a timely post-sentence motion, her notice of appeal was due on March 16, 2022, thirty days from the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(3). Thus, McCord's April 1, 2022 notice of appeal is untimely, and generally, an appellate court cannot extend the time for filing an appeal. *See* Pa.R.A.P. 105(b). However, the Court may grant relief in cases of a breakdown in the operation of the courts. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007).

In *Patterson*, this Court held that the failure to apprise the defendant of the time to file an appeal, following the denial of untimely post-sentence motions, constituted a breakdown in the operation of the courts. *See id*. at 499. The *Patterson* Court noted that Pa.R.Crim.P. 704(C)(3)(a) and 720(B)(4)(a) required the trial court to advise a defendant of his right to an appeal, as well as the time within which the defendant must exercise those

rights. *See id*. The trial court had failed to provide notice that an appeal from the denial of untimely post-sentence motions must be filed within thirty days of the entry of sentence. *See id*. at 498. The *Patterson* Court concluded that the failure to provide the required notice of the time for taking the appeal constituted a breakdown that excused the filing of an otherwise untimely notice of appeal. *See id*. at 498-99.

The record here shows a similar breakdown in the operation of the courts. The trial court's order denying McCord's untimely post-sentence motion did not provide the notice of the time for taking an appeal that Pa.R.Crim.P. 720(B)(4)(a) requires. *See* Order, 3/3/22. The trial court's compliance with the rule would likely have obviated the untimely filing of the appeal because McCord had thirteen days remaining in the appeal period after the trial court entered the order. Thus, we decline to quash McCord's appeal as untimely. *See Patterson*, 940 A.2d at 498-99.

McCord's substantive issue asserts that the trial court's verdict was against the weight of the evidence because there were alleged gaps in the evidence that she drank and then drove, and because the court failed to properly weigh the testimony of Ms. Jones.

A challenge to the weight of the evidence must be preserved either in a timely post-sentence motion, a written motion before sentencing, or orally prior to sentencing. *See* Pa.R.Crim.P. 607(A)(1)-(3). A claim challenging the weight of the evidence cannot be raised for the first time on appeal. *See*

- 5 -

***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018). This Court

will not overlook waiver simply because the trial court addressed the waived

issue in its 1925(b) opinion. ***See Commonwealth v. Melendez-Rodriguez***,

856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*).

Prior to the weight issue she asserts on direct appeal, McCord made a

single claim raising a discretionary sentencing issue. McCord did not raise a

weight claim in a timely post-sentence motion, and her untimely post-

sentence motion raised only a sentencing challenge. Moreover, the record

does not contain any indication that McCord filed a written motion before

sentencing. Finally, McCord has failed to satisfy her obligation to direct us to

any place in the record where she raised a weight claim orally prior to

sentencing. ***See*** Pa.R.A.P. 2119(e) (stating that where an issue is not

reviewable on appeal unless preserved, an appellant must identify the place

where the issue was preserved).[3] Her claim is accordingly waived, ***see Weir***,

201 A.3d at 167, regardless of the fact that the trial court addressed it in its

opinion. ***See Melendez-Rodriguez***, 856 A.2d at 1287-89. McCord

additionally waived her specific weight claims concerning alleged gaps in the

---

[3] McCord also did not ensure the presence of the transcript of the sentencing hearing in the certified record, although she obtained transcript of the notes of testimony of the trial, as was her obligation. ***See Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). Matters that are not of record may not be considered on appeal. ***See Commonwealth v. Bracalielly***, 658 A.2d 755, 763 (Pa. 1995).

evidence and Jones's alleged greater credibility by failing to include those claims in her Rule 1925(b) statement where she made only the generic assertion that "the verdict was not supported by the weight of the evidence." **See** Rule 1925(b) Statement, 5/2/22. **See Commonwealth v. Pukowsky**, 147 A.3d 1229, 1236 (Pa. Super. 2016) (holding that 1925(b) statement which is too vague to allow the court to identify the issues raised on appeal results in waiver).[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022

---

[4] Even were all these waivers disregarded, McCord's challenges would be meritless. McCord's assertions that the verdicts were against the weight of the evidence based on the alleged gaps in the evidence and Ms. Jones's testimony seek a reweighing of the evidence, something as appellate court will not do. **See Commonwealth v. Williams**, 854 A.2d 440, 445 (Pa. 2004).