J-S40036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOHNSON | : | |
| | : | |
| Appellant | : | No. 1129 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004119-2019

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 9, 2023**

Appellant, Christopher Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for simple assault.[1]  We affirm.

The trial court set forth the relevant facts of this case as follows:

> On April 28, 2019, at approximately 11:30 P.M., [Appellant], Shenelle Washington, Cynthia Preston, and Dewitt King were all present in a house at 210 Parker Avenue in Philadelphia.  (N.T. Trial, 4/5/22, at 20-21). [Appellant] and Ms. Washington were downstairs watching television when Mr. King came downstairs, put on his jacket, and told [Appellant] that when he gets back [Appellant] better not be there.  [Appellant] and Mr. King "exchanged words" and Mr. King went outside, telling [Appellant] to come outside because he "had something" for him. [Appellant], standing in the doorway, and Mr. King, standing outside the front of the house, began yelling at each other. (*Id.* at 21-23).

---

[1] 18 Pa.C.S.A. § 2701.

Ms. Washington yelled upstairs to her sister, and Mr. King's girlfriend, Ms. Preston, to help calm the situation down. During this time, Mr. King was outside of the house yelling at [Appellant] and swinging a belt above his head. When Ms. Preston came downstairs, [Appellant] went into the kitchen and grabbed a bread knife. (*Id.* at 22, 25). Ms. Washington told [Appellant] not to go outside and grabbed his shirt to physically restrain him. (*Id.* at 23, 43). [Appellant] pushed past both Ms. Preston and Ms. Washington, went outside with the knife, and tackled Mr. King. (*Id.* at 45). [Appellant], a man weighing "over 300" pounds and standing "over [six] feet" tall, ended up on top of Mr. King, a significantly smaller man. (*Id.* at 29).

Ms. Preston began hitting [Appellant] and yelling at him to get off. After a struggle lasting a couple of minutes, [Appellant] got off Mr. King, who was bleeding from the face and hands. Ms. Preston described the cut on Mr. King's hand as a "slice." (*Id.* at 57-58). The knife in [Appellant's] possession had blood on it before Ms. Preston washed it. (*Id.* at 47). After the altercation, Mr. King called the police. Detective Brian Boos photographed bloodstains at the scene and recovered the knife used in the altercation. Detective Boos took a statement from Ms. Washington and drafted an affidavit of probable cause for an arrest warrant of [Appellant]. (*Id.* at 60-65).

(Trial Court Opinion, 7/1/22, at 1-2).

Following a bench trial on April 5, 2022, the court found Appellant guilty of simple assault—mutual combat.[2] That same day, the court sentenced Appellant to six months of probation. Appellant did not file a post-sentence motion. On April 25, 2022, Appellant *pro se* filed a timely notice of appeal.

---

[2] The court found Appellant not guilty of aggravated assault, possession of an instrument of crime ("PIC"), recklessly endangering another person, and strangulation.

The court appointed counsel, who filed an amended notice of appeal on May 4, 2022. The court subsequently ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant complied on June 5, 2022.

Appellant raises three issues on appeal:

1) The evidence was insufficient to sustain the guilty verdict for simple assault-mutual combat (M3) as Appellant acted in justified self-defense against the aggressor complaining witness. The intent element for simple assault was not proved beyond a reasonable doubt, as Appellant did not mutually enter into a scuffle with the aggressor complaining witness, but rather was forced to use reasonable force to repel an imminent unlawful attack by the complainant who was the initial and ongoing aggressor.

2) The Commonwealth failed to disprove beyond a reasonable doubt Appellant's claim of self-defense, as the aggressor complaining witness (who failed to testify at trial) was high on [m]arijuana, intoxicated on alcohol and where the following factors were also present:

A. the complaining witness was repeatedly brandishing and swinging a belt and buckle as a menacing weapon, as he threatened immediate physical violence upon Appellant;

B. the complaining witness blocked Appellant's only exit from the home—the front door (back door was not traversable), denying Appellant any safe retreat and forcing Appellant to use necessary force to escape the home. While blocking Appellant's retreat, the complaining witness threatened violence upon Appellant through words and actions while swinging a belt and buckle used as a weapon;

C. the Trial Court ruled the complaining witness was the aggressor and that Appellant did not possess the bread knife with the intent to employ it criminally. Therefore, Appellant asserts that as the bread knife was not possessed with criminal intent (indeed he was found not guilty of PIC), then it was possessed for the

lawful purpose of justified self-defense, and that the limited use by Appellant was reasonable to defend against the assault committed by the complainant;

D. The evidence established that Appellant used only that force necessary to repel the imminent and unlawful physical threat against him, as he simply "tapped" the aggressor complaining witness when the men then fell to the ground. Appellant did not point, swing or otherwise use the bread knife in any stabbing fashion. The limited and reasonable use of justifiable force is corroborated by the fact that the complaining witness sustained non-serious injuries;

E. Appellant was lawfully in the home at the time of the altercation, and was up to that point a frequent overnight guest of his girlfriend, and per his girlfriend he was a quasi-resident as Appellant "stayed over mostly all the time." Accordingly, although Appellant attempted to safely retreat from the aggressor complaining witness, Appellant proffers that there was no legal duty to do so.

3) The Trial Court erred in [finding] Appellant guilty of simple assault (M3) where evidence was presented at trial of Appellant's good character in the community for being peaceful and law-abiding, which raised a reasonable doubt.

(Appellant's Brief at 7-8).

For purposes of disposition, we combine Appellant's first and second issues. Therein, Appellant argues the evidence was insufficient to support his conviction for simple assault because, he insists, the evidence established that he used justifiable force in self-defense. Appellant contends that Mr. King was the aggressor and Appellant's actions were solely in self-defense. Appellant maintains that he only grabbed the bread knife because Mr. King was outside swinging a belt like a weapon. Appellant insists that he "had no realistic or

- 4 -

reasonable alternative than to go outside to defend himself against the assailer…[who] was swinging the belt like a weapon." (*Id.* at 19). Appellant observes that the trial court found him not guilty of possessing the bread knife with the intent to employ it criminally. Appellant asserts that this proves he must have possessed the knife for a lawful purpose, namely, self-defense. Further, Appellant suggests that as a "quasi-resident" of the home he had no duty to retreat. Appellant concludes the Commonwealth failed to disprove beyond a reasonable doubt that Appellant's actions were in self-defense, and the evidence was insufficient to convict him of simple assault. We disagree.

Regarding challenges to the sufficiency of the evidence, our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jackson*, 215 A.3d 972, 980 (Pa.Super. 2019) (quoting *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011)).

An individual is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Intent may be proven by circumstantial evidence that reasonably suggests a defendant intended to cause injury. *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super. 2012). Bodily injury is the "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. A person is guilty of simple assault by mutual consent if the simple assault is committed while "in a fight or scuffle entered into by mutual consent," which reduces the charge to a third-degree misdemeanor. 18 Pa.C.S.A § 2701(b)(1).

The Crimes Code describes self-defense as follows: "the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a). After a defendant presents evidence of self-defense, the burden is on the Commonwealth to disprove the defense beyond a reasonable doubt. *Commonwealth v. Torres*, 564 Pa. 219, 224, 766 A.2d 342, 345 (2001) (citations omitted). To prove that the defendant's act was not justifiable self-defense, the Commonwealth must establish: "**at least one** of

the following: (1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or (2) the accused provoked or continued the use of force; or (3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. McClendon***, 874 A.2d 1223, 1229-30 (Pa.Super. 2005) (citation omitted; emphasis added). Whether the defendant was acting in self-defense is an issue for the factfinder to decide. ***Id.*** at 1230.

Instantly, the evidence established that after Appellant and Mr. King verbally exchanged words inside the residence, Mr. King went outside the residence. During the time that Mr. King was still outside and swinging the belt around, Appellant walked away from Mr. King, into the kitchen, and grabbed a bread knife. Appellant brought the knife outside in pursuit of Mr. King and reengaged in the physical altercation, cutting Mr. King with the bread knife. Thus, although Appellant may not have initially provoked the use of force, the record makes clear that he continued such force when he went back into the residence to retrieve a bread knife and brought the knife outside to confront Mr. King. Viewed in the light most favorable to the Commonwealth as verdict winner, the Commonwealth sufficiently disproved Appellant's claim of self-defense,[3] and proved Appellant committed simple assault. ***See id.***

_____

[3] Based on our disposition that Appellant provoked or continue the use of force, we need not consider Appellant's "quasi-resident" and other arguments relevant to whether Appellant had a duty to retreat. ***See McClendon, supra***.

- 7 -

***See also Torres, supra***; 18 Pa.C.S.A. § 2701(a)(1).  Accordingly, Appellant's first two issues are meritless.

In his third issue, Appellant argues the court ignored the evidence of his good character.  Appellant claims Mr. King was the initial aggressor and was drunk and high at the time of the fight.  Therefore, Appellant insists the evidence at trial concerning his good character was enough to raise a reasonable doubt as to his guilt.

Preliminarily, we note that an argument that the finder of fact should have credited one witness' testimony over that of another witness generally challenges the weight, not the sufficiency of the evidence.  ***Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining claim that jury erred in crediting victim's testimony over appellant's version of events goes to weight, not sufficiency of evidence).  Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence.  ***Commonwealth v. Small***, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999).  ***See also Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745 (2000) (explaining distinctions between claim challenging sufficiency of evidence and claim challenging weight of evidence).

Here, Appellant does not allege that the Commonwealth failed to establish any particular element of self-defense.  Rather, Appellant maintains

- 8 -

that the court should have believed the testimony of defense witnesses, who claimed that Appellant had a reputation for being peaceful and law abiding, rather than the testimony of the eyewitnesses, who described Appellant's actions during the fight. Notwithstanding the phrasing of this claim as concerning the sufficiency of the evidence, his claim is more properly construed as a challenge to the weight of the evidence. *See W.H.M., Jr., supra*. *See also Widmer, supra*.

A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607 provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, 662 Pa. 402, 239 A.3d 25 (2020). *See also* Pa.R.Crim.P. 607, Comment (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the

trial judge or it will be waived").

Here, Appellant did not preserve his challenge to the weight of the evidence either orally at sentencing or in a post-sentence motion. Therefore, this issue is waived. ***See Weir, supra***. Moreover, the record reflects that the trial court appropriately considered Appellant's character evidence in conjunction with the other evidence presented at trial, which demonstrated that Appellant fought his victim and chose to willingly retrieve a bread knife and continue the fight after the victim left the residence. ***See Commonwealth v. Price***, 616 A.2d 681, 685 (Pa.Super. 1992) (stating: "The factfinder, after considering character evidence, may weigh it as it sees fit"). Therefore, even if Appellant had preserved his weight claim, it would not have entitled him to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023