J-S32039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAITLYN WOODY :
:
Appellant : No. 131 EDA 2024

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007818-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAITLYN WOODY :
:
Appellant : No. 132 EDA 2024

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009282-2019

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 6, 2024**

Appellant, Kaitlyn Woody, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial convictions for burglary, criminal trespass, criminal conspiracy, possession of an instrument of crime ("PIC"), criminal mischief, and three

counts of simple assault.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] was arrested and charged in separate matters with burglary, criminal trespass, criminal conspiracy, [PIC], criminal mischief and two counts of simple assault (case docketed at CR-9282-2019), and aggravated assault, robbery, simple assault, reckless endangerment, [PIC], possession of offensive weapon, criminal conspiracy, theft, corruption of minors, and endangering the welfare of children (case docketed at CR-7818-2019).
>
> \*     \*     \*
>
> [The court conducted a bench trial on January 5, 2023 for charges under both dockets.]  At [t]rial, the Commonwealth presented the testimony of complainant, Emony McCoy, and several exhibits depicting the complainant's injuries and parts of her interaction with Appellant.  Appellant testified in her own defense.  The relevant [testimony is] as follows.
>
> On September 4, 2019, Ms. McCoy and her mother were inside their home on the 2200 block of E. Wishart Street in Philadelphia.  At about 5:30 pm, Ms. McCoy heard someone banging on her front door.  Ms. McCoy testified that, when she answered, Appellant and her son were outside. Appellant demanded that Ms. McCoy get her mother and then forced her way inside Ms. McCoy's home.  Once inside, Appellant sprayed Ms. McCoy, her mother, and siblings with mace.  [Ms.] McCoy and her family fled to the basement, locked the door, and called [the] police.  When the police arrived, Appellant had already fled.  Ms. McCoy filed a police report and assessed the damage to her home.  The police recovered the can of mace Appellant used during the assault.

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a), 903, 907(a), 3304(a), and 2701(a), respectively.

The following morning, Ms. McCoy was walking along the 2000 block of E. Wishart Street when she again encountered Appellant. According to [Ms.] McCoy, Appellant and [her] son attacked Ms. McCoy. [Ms.] McCoy also testified that Appellant hit her with brass knuckles and instructed someone to "go get the bleach." Ms. McCoy managed to record a portion of the incident with her cell phone. [Ms.] McCoy suffered minor injuries—a scar to her head, bruises and scratches on her head, face, eyes, and lip.

Appellant testified that her friends were Ms. McCoy's neighbors. She denied entering Ms. McCoy's home during the September 4th incident and claimed that she did not possesses or spray anyone with mace. Regarding the incident on September 5th, Appellant stated that she had a verbal argument with Ms. McCoy, and that [Ms.] McCoy initiated the physical altercation by throwing a cup of coffee at her. Appellant admitted to fighting Ms. McCoy that day but denied using or possessing brass knuckles or asking anyone to throw bleach at Ms. McCoy.

(Trial Court Opinion, filed 4/15/24, at 1-3) (citations omitted).

At the conclusion of the evidence, the court found Appellant guilty of all charges at docket CR-9828-2019. Regarding docket CR-7818-2019, the court granted Appellant's motion for judgment of acquittal on the corruption of minors and endangering the welfare of children charges. The court further found Appellant guilty of simple assault and not guilty of the remaining charges.

On December 11, 2023, the court imposed an aggregate sentence of 11½ to 23 months of house arrest and 7 years of probation for Appellant's convictions across both dockets. Appellant filed timely notices of appeal at each docket on December 19, 2023. On January 2, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained

- 3 -

of on appeal, and Appellant complied on April 4, 2024.[2]  On April 30, 2024, this Court consolidated the appeals *sua sponte*.

Appellant raises the following issue for our review:

> Whether the jury verdict was against the weight of evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

(Appellant's Brief at 10).

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial.  Pennsylvania Rule of Criminal Procedure 607 provides:

> **Rule 607.  Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

---

[2] On January 2, 2024, the court ordered Appellant to file a Rule 1925(b) statement no later than 30 days after the entry of the order.  Appellant did not file her concise statement until April 4, 2024, and the record does not indicate that Appellant requested an extension of time.  Nevertheless, the court filed its Rule 1925(a) opinion on April 15, 2024 and addressed the issues asserted in Appellant's untimely concise statement.  Under these circumstances, we decline to find waiver on this ground.  ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*) (stating "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail [herself] of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, 662 Pa. 402, 239 A.3d 25 (2020). ***See also*** Pa.R.Crim.P. 607, *Comment* (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

Here, Appellant did not preserve her challenge to the weight of the evidence orally or in writing before sentencing, or in a post-sentence motion. ***See*** Pa.R.Crim.P. 607(A)(1)-(3). Therefore, this issue is waived. ***See Weir, supra***.

Moreover, even if Appellant had properly preserved her challenge to the weight of the evidence, it would not warrant relief. When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Here, the trial court addressed Appellant's issue in its Rule 1925(a) opinion as follows:

> [T]he trial court had the opportunity to assess and compare the respective testimony of the complainant and Appellant. The court also considered their testimony with the other evidence presented at trial. … In so doing, the trial court found Ms. McCoy's testimony regarding the September 4th incident (CR-9282-2019) credible. Ms. McCoy's testimony was corroborated by the body-cam[era] footage from inside her home, which depicted the condition of her home just moments after Appellant burst inside and attacked her family. It was clear from the Commonwealth's evidence that Appellant had, in fact, forced her way inside [Ms. McCoy's] home for the purpose of assaulting Ms. McCoy and her mother. Appellant also damaged the door and door frame of [Ms.] McCoy's home as depicted in the body cam[era] footage and as described by Ms. McCoy. Thus, the trial court's guilty verdict was not against the weight of the evidence, nor did it shock one's sense of justice.
>
> In contrast, the trial court did not have the same level of confidence in Ms. McCoy's testimony regarding the September 5th incident (CR-7818-2019). Although Ms. McCoy suffered minor injuries as a result of this incident, the trial court did not believe there was sufficient evidence for aggravated assault, robbery, theft, or weapons charges. Appellant testified that she fought and struck Ms. McCoy, and that [Ms.] McCoy fought with and struck Appellant. The trial court found this testimony consistent with the evidence and, as a result, convicted Appellant of simple assault. The trial court's guilty verdict in this regard was not against the weight of the evidence.

(Trial Court Opinion at 4-5). The trial court, acting as the factfinder, was free to believe all, part, or none of Appellant's testimony. *See Champney, supra*.

- 6 -

On this record, we cannot say that the court's verdict was so contrary to the evidence as to shock one's sense of justice. *See id.* Thus, even if Appellant had properly preserved her weight claim, it would have merited no relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2024