J-A25028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.                  :
:
:
LORI EMANUELE               :
:
Appellant         :   No. 265 EDA 2024

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000329-2023

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:          **FILED DECEMBER 24, 2024**

Appellant, Lori Emanuele, appeals from the Judgment of Sentence entered in the Pike County Court of Common Pleas following her conviction of Driving Under the Influence and other summary traffic offenses. Appellant challenges an evidentiary ruling made by the trial court, the sufficiency and weight of the evidence supporting her conviction, and the discretionary aspects of her sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. In the early morning on August 12, 2022, two Pennsylvania State Troopers, Trooper Sempa and Trooper O'Connor, responded to a single vehicle crash and found the vehicle in a ditch with Appellant standing next to it. After observing indicators of impairment, the Troopers asked Appellant to perform multiple sobriety tests, which Appellant failed. The Troopers placed Appellant under arrest and transported her to a hospital for a blood draw. The Commonwealth

charged Appellant with two counts of Driving Under the Influence ("DUI")[1] and three summary traffic offenses.[2]

On October 31, 2023, Appellant proceeded to a bench trial. At trial, a forensic expert testified that Appellant's blood tested positive for methamphetamine, amphetamine, and oxycodone. Both troopers present on the scene testified that Appellant did not indicate to them at any time that she had not been the driver of the vehicle.

Trooper Sempa testified that Appellant told him at the scene of the accident that she had swerved to avoid hitting a deer on her way home from picking up her daughters. She also admitted to taking oxycodone that day. Trooper Sempa also testified that on the way to the hospital, Appellant told him that her two daughters had been in the back of the car and her boyfriend had been in the front passenger seat.

Appellant and her two daughters testified at trial that Appellant's boyfriend had been the one driving the vehicle. All three testified that Appellant's boyfriend and daughters had left the scene and walked home after the accident, but that Appellant had stayed behind with the vehicle. Appellant's neighbor testified that after finding out that Appellant's daughters were walking home, she had picked them up and driven them the rest of the way home.

_____

[1] 75 Pa.C.S. §§ 3802(d)(1)(ii) and (2).

[2] Driving on Roadways Laned for Traffic, Reckless Driving, and Careless Driving. 75 Pa.C.S. §§ 3309(1), 3736(a), and 3714(a), respectively.

At the conclusion of trial, the judge found Appellant guilty on all charges. On December 18, 2023, the court sentenced Appellant to 15 days to 6 months of incarceration. Appellant's sentence fell within the standard range under the Sentencing Guidelines. Appellant did not file any post-sentence motions.

This appeal followed. Both Appellant and the Trial Court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [lower court] err when [it admitted and considered] Appellant's extrajudicial statement indicating that she was the driver of a vehicle that was involved in an accident (with that statement being precluded from admission and consider[ation] under Pennsylvania's *corpus delecti* rule) given the failure of the Commonwealth's non-confession evidence to establish that the crimes of DUI had been committed by the Appellant?

2. Whether the lower [c]ourt's [guilty verdict] was against the weight of the evidence when the Commonwealth did not prove beyond a reasonable doubt that the Appellant was in actual physical control of the vehicle as no one saw her drive the vehicle?

3. Whether the [lower court] erred in finding the Appellant guilty beyond a reasonable doubt of Summary Charges despite the fact that the Commonwealth submitted no testimony or evidence at the time of Trial concerning the charges?

4. Was the Sentence of the Court excessive, improper and in violation of the Sentencing Guidelines?

Appellant's Br. at 3.

**A.**

In Appellant's first issue, she challenges the admissibility of her statements to Trooper Sempa that she had been driving her vehicle at the time of the crash. Appellant's Br. at 16. Appellant avers that under the *corpus*

*delecti* rule, the Commonwealth could not obtain a conviction based solely on this extra-judicial inculpatory statement, and that the Commonwealth otherwise "failed to show that Appellant was operating the motor vehicle by any corroborating evidence." *Id.* at 19-20.

Before addressing the merits of this claim, we must consider whether Appellant has preserved it for our review. The Pennsylvania Rules of Appellate Procedure empower trial courts to order an appellant to file "in the trial court . . . a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). Any issues not raised in a 1925(b) statement will be deemed waived. ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). This is a "bright-line" rule, and waiver is "automatic." ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005). Appellate courts are not empowered to review claims not raised in a Rule 1925(b) Statement. *Id.*

Appellant's 1925(b) statement does not include any issues relating to *corpus delecti* or the admissibility of evidence. As a result, we find this issue waived.

**B.**

In her second issue, Appellant claims in her Statement of Questions that the verdict is against the weight of the evidence. Appellant's Br. at 3. However, when developing the argument in her brief, Appellant appears to challenge both the sufficiency and weight of the evidence. *Id.* at 20-24. Appellant argues that the trial court chose to ignore her testimony and the corroborating testimony of the other witnesses for the defense. *Id.* at 22. Appellant avers

that the trial court "erred in finding [her] guilty of the criminal charge because the Court's verdict was based on insufficient evidence and/or was against the weight of the evidence." *Id.* at 23.

Appellant's third issue also challenges the sufficiency of the evidence, this time with respect to her convictions of the three summary traffic offenses. She briefly states that the Commonwealth presented "no evidence or testimony" to support Appellant's conviction on these charges. Appellant's Br. at 24.

"[S]ufficiency and weight claims are clearly distinct." *Commonwealth v. Spence*, 290 A.3d 301, 310 (Pa. Super. 2023) (citing *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) ("discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim the verdict is against the weight of the evidence.")). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Id.* (citation omitted).

Appellant has not properly preserved a weight of the evidence challenge. Specifically, Pa.R.Crim.P. 607 provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail [herself] of any of the prescribed methods for presenting a weight of the evidence issue

to the trial court constitutes waiver of that claim." ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018).

In the instant case, Appellant did not raise her weight of the evidence claim prior to sentencing or in any post-sentence motion. Appellant, therefore, waived her claim that the verdict is against the weight of the evidence.

Moreover, Appellant has failed to preserve for our review any challenges to the sufficiency of the evidence. In her Rule 1925(b) Statement, Appellant baldly states that "the evidence submitted at trial by the Commonwealth was insufficient as a matter of law to establish [Appellant]'s guilt . . . on the charges." Appellant's Rule 1925(b) Statement, 3/5/24, at 1. This statement is too vague to apprise the trial court of Appellant's specific arguments.[3] Accordingly, this argument is waived. ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006) (A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b)] Statement at all.") (citation omitted); ***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (finding waiver where appellant's concise statement was too vague to permit review).

We, therefore, decline to address the merits of Appellant's claim.

**C.**

_____

[3] "[W]e find ourselves obliged to infer from context exactly what it is that aggrieves appellant." Trial Ct. Op., 4/22/24, at 5.

- 6 -

In her fourth and final issue, Appellant challenges the discretionary aspects of her sentence and asserts that her sentence should be vacated. Appellant's Br. at 25-26.

Challenges to the discretionary aspects of a sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider or modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.*

Here, Appellant filed a timely notice of appeal and included a Rule 2119(f) statement in her brief to the court. However, Appellant did not preserve the issue at sentencing or in a motion to reconsider or modify the sentence, which Appellant acknowledges in her brief.[4] Appellant's Br. at 13. As such, Appellant has waived her challenge to the discretionary aspects of her sentence.

### D.

In sum, having found each of Appellant's claims waived, we affirm the Judgment of Sentence.

---

[4] Appellant has not provided the sentencing transcript as part of the certified record of the instant appeal.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2024