J-S18029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD ALEXANDER FILL | : | |
| | : | |
| Appellant | : | No. 1141 WDA 2024 |

Appeal from the Order Entered August 13, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000082-2016

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: January 22, 2026**

Appellant Richard Alexander Fill appeals from the order denying his motion to modify the restitution component of his sentence.  On appeal, Appellant challenges the legality of the trial court's imposition of restitution.  Following our review, we vacate the trial court's order and remand for further proceedings consistent with this memorandum.

The underlying facts of this matter are well known to the parties.  ***See Commonwealth v. Fill***, 60 WDA 2019, 2020 WL 5015899 (Pa. Super. filed Aug. 25, 2020) (unpublished mem.).  Briefly, Appellant was convicted of assault of a law enforcement officer and related offenses in November of 2016 after he fired a weapon at police while on a rental property owned by Joseph Bizzaro.  ***See id.***, 2020 WL 5015899 at *4 (Appendix).  Mr. Bizzaro's property

_____

[*] Former Justice specially assigned to the Superior Court.

sustained $3,000 in damage as a result of the incident, which Appellant paid directly to the victim. *See id.* On January 23, 2017, the Honorable William R. Cunningham sentenced Appellant to an aggregate term of five and one-half to twelve years' imprisonment followed by a one-year term of probation. The trial court also ordered Appellant to pay court costs plus a restitution amount that would be determined at a future hearing. *See* N.T. Sentencing Hr'g, 1/23/17 at 16. However, the trial court did not specify a restitution amount or payment method. *See id.*; *see also* Sentencing Order, 1/23/17. The trial court subsequently entered an order setting the amount of restitution at $15,231.20 on February 28, 2017. *See* Restitution Order, 2/28/17.

On direct appeal, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Fill*, 319 WDA 2017, 2018 WL 615514 (Pa. Super. filed Jan. 30, 2018) (unpublished mem.); *see also Fill*, 2020 WL 5015899, at *2. Appellant subsequently filed a Post Conviction Relief Act (PCRA) petition, which was denied. On appeal, this Court affirmed the PCRA court's order denying relief. *See Commonwealth v. Fill*, 1064 WDA 2021, 2022 WL 1742315 (Pa. Super. filed May 31, 2022) (unpublished mem.).

On November 16, 2023, December 18, 2023, and January 16, 2024, the Erie County Probation Department sent delinquency notices to Appellant based on his failure to make monthly payments towards his restitution sentence. On February 28, 2024, Appellant appeared for a hearing before the Honorable David G. Ridge, at which time the trial court granted a sixty-day continuance for the parties to conduct additional research and file the appropriate petitions

for relief. On May 29, 2024, Appellant filed a motion to waive and/or reduce restitution in which he challenged the legality of the trial court's restitution order, the classification of Stuart-Lippman as a victim under the restitution statute, and requested a $3,000 credit for the amount of restitution he paid directly to the victim, Mr. Bizzaro. Following a hearing on June 25, 2024, the trial court granted Appellant's request for a $3,000 credit, but denied Appellant's motion in all other respects.

On appeal, Appellant raises the following issues for appeal:

1. Did the [trial court] err when it upheld the trial court's illegal imposition of an award of restitution as the trial court ordered the payment of restitution generally at the time of sentencing but did not specify an amount of restitution until more than thirty days after sentencing (and after Appellant had filed a notice of appeal)?

2. Did the [trial court] err when it upheld the trial court's illegal imposition of an award of restitution to Stuart-Lippman and Associates as Stuart-Lippman, which purports to pursue recovery and reimbursement on behalf of an insurance company, does not constitute a victim under the restitution statute?

Appellant's Brief at 6.

In his first claim, Appellant argues that the trial court erred in awarding restitution generally at the time of sentencing to "allow the trial court and the defense more time to review the documentation provided by the Commonwealth" and ultimately awarding "$15,231.20 with additional credit for any amount paid directly to Mr. Bizzarro" at a hearing more than thirty days later. *Id.* at 15-18.

- 3 -

In discerning the nature of a challenge to the imposition of restitution, we have held:

the appellate courts have drawn a distinction between those cases where the challenge is directed to the trial court's [statutory] authority to impose restitution and those cases where the challenge is premised upon a claim that the restitution order is excessive. When the court's authority to impose restitution is challenged, it concerns the legality of the sentence; however, when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence.

*Commonwealth v. Dahl*, 296 A.3d 1242, 1253 (Pa. Super. 2023) (citations omitted and some formatting altered).

Our review of Appellant's claims depends on the nature of the issue being raised. It is well settled that a challenge to the legality of a sentence raises a question of law. *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated[.]" *Commonwealth v. Ramos*, 197 A.3d 766, 769 (Pa. Super. 2018) (citations and quotation marks omitted). Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*). Rather, before reaching the merits of such claims, we must determine whether (1) the appeal

is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief; and (4) the defendant has raised a substantial question that the sentence is inappropriate under the sentencing code. ***See Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). If a defendant invokes this Court's jurisdiction to review the discretionary aspects of a sentence, we review a sentence for an abuse of discretion. ***Commonwealth v. Smith***, 206 A.3d 551, 567 (Pa. Super. 2019).

The version of Section 1106 in effect at the time of Appellant's offenses provided,[1] in pertinent part, as follows:

> **§ 1106.  Restitution for injuries to person or property**
>
> **(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, . . . or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> \*    \*    \*
>
> **(c) Mandatory restitution.—**
>
> (1) The court shall order full restitution:

---

[1] Section 1106 of the Crimes Code governs the imposition of restitution as a direct sentence. Effective October 24, 2018, the Pennsylvania General Assembly amended the statute to reflect that a "business entity" could be a "victim" entitled to restitution. ***See*** 18 Pa.C.S. § 1106(h). We emphasize that "this Court has already held that these specific amendments to [Section] 1106 should **not** be effective in criminal cases that began before the effective date of the legislation . . . ." ***Commonwealth v. Hunt***, 220 A.3d 582, 586 (Pa. Super. 2019) (emphasis in original and footnote omitted) (citing ***Commonwealth v. Tanner***, 205 A.3d 388, 396 n.7 (Pa. Super. 2019)).

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

\* \* \*

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

\* \* \*

**(h) Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

**"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S. § 1106(a), (c)(1), (c)(3), and (h) (footnote omitted) (eff. Jan 31, 2005 to Oct. 23, 2018, *amended by* Act of Oct. 24, 2018, P.L. 891, No. 145, § 1).

This Court has held that Section 1106(c)(3) creates an independent cause of action for a defendant to seek a modification of an existing restitution order at any time directly from the trial court. *See Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014). Specifically, this Court has explained:

> [T]he restitution statute, Section 1106 of the Crimes Code, "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court." *Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa. Super. 2012) (citing *Commonwealth v. Mitsdarfer*, 837 A.2d 1203, 1205 (Pa. Super. 2003)). Our case law in this Commonwealth establishes that the statute creates an independent cause of action for a defendant to seek a modification of an existing restitution order. *Id.*; *see also* 18 Pa.C.S. § 1106(c)(3) (stating, **"[t]he court may, at any time** or upon the recommendation of the district attorney . . . **alter or amend any order of restitution** made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order") (emphases added).

*Gentry*, 101 A.3d at 816 (some formatting altered).

Further, the *Gentry* Court concluded that where a defendant seeks to modify the amount of restitution, and the trial court's order disposing of the restitution claim(s) is a final, appealable order and this Court has jurisdiction to consider the merits of those issues on appeal. *See id.*

- 7 -

As stated above, a challenge to restitution may be a challenge to the legality of the sentence or to its discretionary aspects. *See Dahl*, 296 A.3d at 1253.

> Accordingly, in determining whether a particular claim implicates the legality or discretionary aspects of sentencing, we do not merely look at the manner in which a restitution challenge is phrased; we must instead examine the specific nature of the claim presented to determine whether it challenges the sentencing court's statutory authority to impose restitution, or its discretion in determining the amount of restitution.

*Commonwealth v. Weir*, 201 A.3d 163, 172 (Pa. Super. 2018) .

In sum, "a challenge to the legality of sentence is presented when the defendant claims that the trial court lacked statutory authority to impose restitution because the Commonwealth failed to establish one or more of the requirements of section 1106(a)." *Id.* at 172 (citations omitted). "Conversely, where the Commonwealth has established each element of § 1106(a), *i.e.*, the victim suffered loss to person or property directly caused by the specific crime committed by the defendant, a claim that the restitution order is excessive implicates the discretionary aspects[s] of sentencing." *Id.* at 174 (citations omitted); *see also Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa. Super. 2017) (stating that where "statutory authority exists . . . the imposition of restitution is vested within the sound discretion of the sentencing judge" (citations omitted)). Here, because Appellant claims that the trial court erred by failing to impose an amount of restitution and deferring that decision until a later date, his claim implicates the legality of his sentence.

As noted previously, at sentencing, the trial court ordered Appellant to pay court costs plus a restitution amount that would be determined at a future hearing. *See* N.T. Sentencing Hr'g, 1/23/17 at 16. However, the trial court did not specify a restitution amount or payment method. *See id.*; *see also* Sentencing Order, 1/23/17. The trial court subsequently entered an order setting the amount of restitution at $15,231.20 on February 28, 2017. *See* Restitution Order, 2/28/17.

In *Ramos*, the defendant entered a *nolo contendere* plea to criminal mischief. *Ramos*, 197 A.3d at 768. On appeal, this Court explained that the trial court "initially imposed a generalized, open-ended sentence of restitution, which is a matter we can raise and review *sua sponte* as an illegal sentence." *Id.* (citations omitted). The *Ramos* Court reiterated that Section 1106 "mandates an initial determination of the amount of restitution at sentencing[,]" and concluded that the trial court must impose "**some** amount and method of restitution at the initial sentencing." *Id.* at 770 (citations omitted and emphasis in original); *see also* 18 Pa.C.S. § 1106(a), (c)(2). The Court further explained that

> an order entered after the delayed restitution proceeding is not what renders the sentence illegal; **it is the court's order at the initial sentencing, postponing the imposition of restitution until a later date, that fails in both respects to meet the criteria of the restitution statute and taints the entire sentence**.

*Id.* (citations omitted and emphasis added); *see also Gentry*, 101 A.3d at 818.

Here, as in ***Ramos***, the trial court "imposed a generalized, open-ended sentence of restitution." ***Compare*** N.T. Sentencing Hr'g, 1/23/17, at 16; **with Ramos**, 197 A.3d at 768 ***and Gentry***, 101 A.3d at 818. Pursuant to Section 1106(c)(2), the trial court had no authority to impose restitution while deferring setting the amount of restitution and method of payment to a later date. ***See*** 18 Pa.C.S. § 1106(c)(2); ***Ramos***, 197 A.3d at 771. Therefore, the January 23, 2017 sentencing order is illegal, and the trial court erred when it denied Appellant's motion to modify restitution. ***See Gentry***, 101 A.3d at 819.

Further, because we conclude that remand is necessary based on the illegal sentencing order, we decline to address Appellant's claim concerning whether the trial court improperly ordered him to pay restitution to Stuart-Lippman. On remand, we direct the trial court to determine whether Stuart-Lippman is an eligible recipient for restitution under 18 Pa.C.S. § 1106(c).

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/22/2026